## James S. Rowe *versus* Joseph Whittier.

Where a person is liable to pay a debt, and promises to pay the same amount to a creditor of him to whom the debt was due, such promise is not within the statute of frauds, and need not be in writing; but if the promisor had not before been liable to pay such sum, his promise would not have been obligatory, under that statute, without a memorandum thereof in writing.

Where an action had been commenced by R. a counsellor and attorney at law, in favor of P. against W., and during the pendency of the suit, the creditor and debtor agreed to settle the demand in a certain manner, " provided W. would pay the expenses;" and on application of P. and W. to the attorney, he handed them his bill, charging to P. in one item the taxable costs, and in another, " commissions on amount secured by attachment;" and " W. took the bill, and looked at it, and told R. that he would pay it before he went out of town;" and thereupon the demand was settled in the manner proposed, without including any costs *or expenses;* afterwards P. informed R. of the settlement, " when W. told R, that he would call and settle it before he went out of town, and R. said that would be satisfactory;" and afterwards W. paid R. the amount of the taxable costs :— *It was held,* that an action by R. against W. for the balance of the bill, being the amount of the item of charge for commissions, could not be maintained.

Exceptions from the Eastern District Court.

Statement of facts. This was an action of assumpsit upon an account annexed to the writ, and also upon a count on a special contract to pay the expenses the Pattens had incurred in their suit against Whittier. The account is as follows, to wit : —

" Mr. Joseph Whittier to James S. Rowe, Dr.
1840, June.   To taxable bill of costs in the case

| | |
|---|---:|
| *Willis Patten & al.* v. *him,* | 15,03 |
| " Commissions on amount secured by attachment, | 10,00 |
| | $25,03 |
| " Cr. July.   By cash and Remick's order, | 15,03 |
| | $ 10" |

To sustain his action the plaintiff introduced Willis Patten as a witness, who was released, and testified that sometime in the spring of 1840, he had a suit on a note against Joseph Whittier for $2000, and he came down to settle it, and he

said he would give him certain paper for the demand, to which the witness assented, provided he would pay the expenses. He then asked him what it would be, and the witness replied he did not know, but would see Mr. Rowe. He did see Mr. Rowe, and told him he wanted to know how much the bill would be. Rowe said he would make it out and hand it to him, which he did, and when he came in Whittier was in the counting room. Rowe handed in the bill, which is the same the witness holds in his hand, and is as follows:

"Willis Patten & al. to James S. Rowe,     Dr.

1840. To bill of cost in suit against Joseph Whittier,   15,03

    " Commissions on amount secured by attachment,                 10,00

                                            $25,03"

Whittier took it and looked at it, and told Mr. Rowe, that he would pay it before he went out of town. The witness and his partner afterwards settled the demand as was proposed, and neither party was entered on the docket. The witness told Rowe the arrangement they had made. When Whittier told Rowe, that he would call and settle it before he went out of town, and Rowe said that would be satisfactory. On cross-examination, witness said the whole amount of their debt was paid by their own paper, the amount of which he cannot re-collect. They employed Mr. Rowe to bring the action. There was no promise in writing to pay the bill. Rowe said he should look to Whittier for pay. It was proved by the receipt of the plaintiff, which was put into the case by the defendant, that the taxable costs, being $15,03, were paid before the commencement of the action. The bar rules of Penobscot County may be referred to. Upon these facts the District Court rendered judgment for the plaintiff for the balance of the account; and the defendant filed exceptions.

*Abbott*, for the defendant, contended that the defendant was not liable, if the agreement was not within the statute of frauds, because commissions were not chargeable to any one, except where money was collected. And if the item for com-

Rowe v. Whittier.

missions is chargeable against Patten, it is not a charge against the defendant. His promise was to pay only the costs, but had it extended to the commissions, it would not have been binding upon him; for a promise made in ignorance of his legal rights is not binding. *Warder* v. *Tucker*, 7 Mass. R. 449; *Garland* v. *Salem Bank*, 9 Mass. R. 408.

The promise is not valid, because it is within the statute of frauds. The Pattens remained liable, and in such case, the collateral promise of a third person must be in writing, or it is not binding. *Perley* v. *Spring*, 12 Mass. R. 297; *Tileston* v. *Nettleton*, 6 Pick. 509; 1 Saund. 212; 2 T. R. 80; 2 Ld. Raym. 1085; 2 Wilson, 94; Com. on Con. 182, 191; 4 Johns. R. 422; 12 Johns. R. 291; 7 T. R. 201.

There was no consideration for the promise, and it was therefore void. The defendant was under no obligation to pay the charge for commissions. *Thacher* v. *Dinsmore*, 5 Mass. R. 301; 7 T. R. 350. The promise was no injury to the plaintiff, for he had no claim on the Pattens for this charge. Com. on Con. 27; *Cabot* v. *Haskins*, 3 Pick. 92.

The promise, however, did not extend to the payment of commissions. A promise to pay the expenses of a suit is but a promise to pay the legal costs of the suit.

*Rowe,* for the plaintiff.

The plaintiff's claim on the Messrs. Patten for commissions was a legal one, for it was in accordance with a long established barrule; and without such rule, it would have been legal. For no one but his client, can object to an attorney's charges for his services; and if he allows them, they constitute a legal claim. W. Patten allowed this charge for commissions, and handed the plaintiff's bill to defendant as a statement of the expenses to be paid. The defendant received it as such, and without objecting to any charge, promised to pay the bill.

The obligation of that promise, in part, he has admitted by paying the charge of taxable costs. There is no ground for the distinction between taxable costs and commissions. Neither constituted a debt of the defendant to the Pattens. Claim for taxable costs follows the judgment. At the time of the

defendant's promise, there was no judgment. Had the action not been dismissed, judgment might have been for the defendant. Until judgment the plaintiff's claim for costs is no more a debt of defendant's, than defendant's claim for costs is a debt of the plaintiffs. Before his promise the defendant was under no legal obligation to pay any part of the bill, and was under as strong moral obligation to pay one part as another, for the whole " expenses" had been incurred by the Messrs. Patten, in consequence of his neglect to pay his debt to them.

There was a good consideration in part, as is admitted, and, the promise being entire, that is sufficient to support the whole. 15 Pick. 159.

2. This case does not come within the statute of frauds. The defendant's promise was an original undertaking, founded on a new consideration, moving between the parties.

The consideration was twofold. 1st. A benefit to the defendant in thereby effecting a settlement which he could not have brought about without such promise. For the Messrs. Patten would agree to the compromise, only on the condition, that the defendant should pay, or discharge them from their liability for the " expenses" of that suit. 2d. A loss to the plaintiff in releasing his claim upon the Messrs. Patten for those expenses. For the arrangement between the Messrs. Patten and the defendant was, that their action should not be dismissed until they were discharged from their liability for the expenses ; of which the plaintiff was informed, and consequently, by accepting the defendant's promise, as satisfactory, and having the Pattens' suit dismissed, he discharged them.

Either consideration alone would be sufficient to uphold the promise. *Dearborn* v. *Parks,* 5 Greenl. 83 ; *Leonard* v. *Vredenburgh,* 8 Johns. R. 31 ; *Farley* v. *Cleaveland,* 4 Cowen, 432 ; 1 Johns. R. 135 ; 1 Wilson, 305 ; Com. on Con. 196.

The discharge of the Pattens' liability to the plaintiff was not necessary to give validity to this promise. " In all these cases, founded upon a new and original consideration of benefit to the defendant, or harm to the plaintiff, moving to the party making the promise, either from the plaintiff or the original

debtor, the subsisting liability of the original debtor is no objection to the recovery." *Farley* v. *Cleaveland*, 4 Cowen, 439.

3. The defendant's promise was good though not in writing. *Brown* v. *Atwood*, 7 Greenl. 356.

4. The contract was entire ; to pay a certain sum, a sum stated and ratified by part performance.

There is nothing in the case to sustain the position taken by the defendant, that the promise was made in ignorance of his legal rights. His arrangement with the Pattens was to pay the " expenses," (not the taxable costs,) and the amount of the plaintiff's bill was to be the amount of those expenses. That bill was asked for, rendered and received, without objection, as conclusive evidence of the expenses. The defendant's promise was made voluntarily, after examination of the bill, when he was not bound to pay a cent of it, to effect a compromise. And if proved, such ignorance is no excuse in law.

The opinion of the Court was by

WHITMAN C. J. — The suit of the plaintiff is on an account annexed to his writ. It is for the taxable bill of costs in an action commenced by him, in favor of *Willis Patten & al.* against the defendant ; and for " commissions on amount secured by attachment" in the same cause. The defendant settled the demand of *Patten & al.* before judgment ; and at the same time, having the plaintiff's bill presented to him as here exhibited, verbally promised the plaintiff to pay the amount of it to him ; and has paid him the amount of the taxable costs ; but now refuses to pay the amount charged for commissions ; alleging that item to be a charge for which he was not, in any event, liable ; and, if due from any one, it was from the plaintiffs in that suit ; and that his promise to pay it was made in ignorance of his legal rights ; and without consideration, and therefore void.

These positions, on the part of the defendant, seem to us to be well grounded in the law. This item for commissions could not have been recovered by *Patten & al.* of the defendant ;

and therefore was not his debt. If it had been, his promise would have been available to the. plaintiff; and good without a memorandum in writing. *Dearborn* v. *Parks,* 5 Greenl. 81. But, not being so, there was no consideration for the promise. If the claim was a legal one against Patten & al. it does not appear that they were discharged from it, in consideration of ·the promise made by the defendant; and if it had so appeared, the defendant, not being otherwise liable, his promise would not have been obligatory, under the statute of frauds, without a memorandum in writing. *Leonard* v. *Vredenburgh,* 8 Johns. R. 29. *Farley* v. *Cleaveland,* 4 Cowen, 432.

The exceptions are therefore sustained, and a new trial granted,