## FILES, use, &c. v. McLEOD, Ex'r.

1. A verbal promise by G, to pay debts due from the firm of G & G, and G & Co., of both of which he was a member, may be enforced against his representative, and is not within the statute of frauds.

2. A promise by a solicitor in chancery, to pay the costs of a suit instituted by him, without any consideration for such promise, is a *nude pact*, and cannot be enforced against him.

Error to the Circuit Court of Wilcox. Before the Hon. E. Pickens.

Assumpsit by the plaintiff in error, against the defendant in error, executor of Robert G. Gordon.

Upon the trial of the cause, as shown by a bill of exceptions, it appeared, that Gordon, as an attorney at law, had brought a suit in the circuit court of the United States, at Mobile, and that pending the suit, and after it was dismissed, he had promised the plaintiff, who was clerk of the court, to pay him his costs. It was also proved, that Gordon and Henry Goldthwaite, were partners in the practice of the law, and upon the dissolution of the firm, Gordon assumed, and agreed with Goldthwaite, to pay all the costs for which the firm was responsible, and afterwards promised the clerk to pay it also ; that Gordon was afterwards the partner of one Chandler ; that the firm of Gordon and Chandler became liable for certain costs, and upon the dissolution of the firm, Gordon admitted to the clerk that he was to pay the costs, and promised him to pay it.

The court charged the jury, that in respect to the costs of the suit instituted by Gordon himself, he was not responsible, unless a motion had been made against him, or he had promised in writing to pay it. That as to the cost incurred by the firms of which he was a member, he was not individually responsible, unless he had promised in writing to

pay them. To this charge the plaintiff excepted, and now assigns it as error.

C. C. Sellers, for plaintiff in error.

1. An action may be maintained on a promise made by defendant's testator to a third person, for the benefit of the plaintiff, without any consideration moving from the plaintiff.

Accordingly, where B being indebted to the plaintiff, sold property to the defendant, and the defendant agreed to pay the amount thereof on account of his demand against B, held that the plaintiff may maintain an action against the defendant on such promise. 2 Denio, 45.

The case made by the bill of exceptions is precisely in point with the above principle, Gordon & Goldthwaite, and Gordon & Chandler, composed different firms, upon the dissolution of each firm, Gordon agreed with, and promised his partner to pay to the plaintiff the costs due him, for which their firms were respectively bound to pay, and Gordon afterwards promised the plaintiff to pay him those costs.

Such agreement and promise is not a promise to answer for the debt of a third person and therefore is not required to be in writing. 2 Davio, 45; McKenzie v. Jackson, 4 Ala. 230.

2. Such promise is an original undertaking, and not a promise to pay the debt of another within the meaning of the statute of frauds, and the agreement between Gordon & Goldthwaite, and Gordon & Chandler is the consideration and inducement of the promise made by Gordon to the plaintiff. McKenzie v. Jackson, 4 Ala. 230.

J. T. Johnson, contra.

1. The promise of Gordon to pay a debt, or debts, owing by the firms of Gordon & Goldthwaite and Gordon & Chandler, is a promise to be answerable for the debts of third persons, and therefore within the statute of frauds. Clay's Dig. 254, § 1.

2. The cases relied upon by plaintiff's counsel, in 2 Denio, 45, and 4 Ala. Rep. 230, will not sustain him, because there, one partner of a firm assumed the debts of the firm, in consideration that all the profits of the firm should inure to him

—in the case at bar, there was no evidence of such a contract.

3. Gordon might have been made liable for the costs of suit in the circuit court of the U. States, if he had been ruled upon motion, to give sufficient security for the costs accruing in the action :" but this not having been done, he is not liable under the statute in such cases provided. Clay's Dig. 317, § 27. Therefore the instructions given, as well as those refused by the court below, are in accordance with the law.

CHILTON, J.—Is the undertaking on the part of Gordon, the defendant's intestate, within the statute of frauds?

The facts are these : Gordon, where execution is now sued, was a member of the respective firms of Gordon & Goldthwaite, and of Gordon & Chandler. While these firms existed, they contracted partnership liabilities to the plaintiff in error for costs, as clerk of the district court of the United States. The firms dissolved, and Gordon, subsequent to the dissolution, promised Files to pay him the cost. He also promised to pay to Files certain costs which had accrued in the district court in the prosecution of a chancery cause against the heirs of McCord, in which suit Gordon was solicitor. For the last cost he was in no ways bound, unless made so by his subsequent promise, no rule or motion having been entered against him for security pending the action.

There cannot be the least doubt in respect to the law as applicable to the cost in the case on McCord's heirs. There being no previous liability of the part of Gordon to pay them, and no consideration, the promise is a *nude pact,* and clearly comes both within the letter and spirit of the statute. Not so however, in respect to the cost due from the two firms of which he was a member. He was bound for these demands anterior to his promise, and under our statute, was liable to be sued separately for the same. The debt being his own, as well as the debt of his respective partners, the statute has no application whatever to the promise to pay it. The statute of frauds was not enacted to protect persons against the payment of their own debts, but the debts of others. In Curtling v. Aubert, 2 East, 325, Lord Ellenborough held

that the promise of one to pay a debt for which the promissor, as well as others, were bound, was clearly without the statute. See also, Roberts on F. 229. We think therefore the promise is not within the statute, and the executor is liable if the original indebtedness can be established against the respective firms of G & G and G & C.

The circuit court having decided the law differently, its judgment is reversed and the cause remanded.