BOWEN v. KURTZ.

1. **Statute of frauds:** EVIDENCE OF NOVATION. Where the transaction amounts to a novation, parol evidence is admissible to establish the promise of one to pay the debt of another.

2. —— MORTGAGE: ASSUMPTION OF. Parol evidence is admissible to show that the grantee agreed in part consideration of the purchase-money to pay to a third party a debt secured by a mortgage on the premises conveyed; and in such case the mortgage may be foreclosed and a personal judgment rendered against the grantee.

*Appeal from Wapello District Court.*

THURSDAY, OCTOBER 9.

ACTION to foreclose a mortgage executed by one Cooper to secure a promissory note made by him to plaintiff. The petition alleges that Cooper sold and conveyed the mortgaged premises to defendant who, in payment of a part of the consideration, undertook to pay the debt secured by the mortgage and under said agreement did make certain payments thereon; that plaintiff, in consideration of defendant's agreement to pay the interest on the note as it fell due, extended the time of payment of the principal debt. By an amendment to the petition it is alleged that there was a mutual agreement between Cooper, plaintiff and defendant, to the effect that the last-named party should assume and pay the indebtedness of Cooper to plaintiff, whereupon plaintiff discharged said Cooper of his said indebtedness to him. The petition alleges that, after defendant's purchase of the mortgaged premises, he became the holder of certain tax titles thereon. The petition asks the foreclosure of the mortgage and a personal judgment against defendant.

The answer of defendant denies the contract by which, as it is alleged in the petition, he became bound to pay the mortgage debt, and avers that in the purchase of the lands he became indebted to Cooper in the sum of $450, who was to pay all taxes and liens. He admits notice of the mortgage at

the time he purchased the land, but denies he agreed to pay the same. " He avers that he received from Cooper a warranty deed ; that he did not take the land subject to the mortgage, but that he agreed he would pay the debt Cooper owed Bowen (the plaintiff), but Cooper was first to pay off and discharge the taxes on the land and make the title good."

There was a trial to a jury and a verdict for plaintiff, with special findings of facts, whereon a personal judgment was rendered against defendant for the amount found due on the note and a decree of foreclosure of the mortgage.

Defendant appeals.

*E. L. Burton* and *E. H. Stiles* for the appellant.

*I. N. Mast* and *S. W. Summers* for the appellee.

Beck, Ch. J. — I. At the trial plaintiff was permitted, against defendant's objection, to prove, by his own evidence, conversations had with defendant tending to establish a promise on the part of the latter to pay the debt of Cooper secured by the mortgage, and that defendant had, in the purchase of the land, assumed it in payment of a part of the consideration. Cooper was also permitted to give testimony tending to establish the fact that plaintiff had released him from the debt. The admission of this evidence is made the grounds of objections, and it is claimed, is in conflict with the statute of frauds.

In our opinion the rulings are correct. The evidence tended to establish a novation and was competent for that purpose. The promise of the defendant was not to pay the debt of another but his own debt. His indebtedness to Cooper was transferred, by the arrangement, to plaintiff, and the consideration for the promise is found in the original consideration of the contract with Cooper. The consideration for the release of Cooper is the promise of defendant to pay to plaintiff's the amount of his own indebtedness to the former, according to the terms of the arrangement. Such a transaction is not within the provisions of the statute of frauds.

II. Certain instructions given to the jury are complained of by counsel as being unsound in principle and not applicable to the evidence. The grounds of counsel's objection are not pointed out but they are simply pronounced faulty in these respects. We discover no objection to them. They correctly announce the law of novation and were certainly applicable to the evidence before the court.

III. The counsel of defendant insist that, if Cooper was in fact discharged, the mortgage debt was satisfied and in that case there could be no foreclosure of the mortgage. The decree granting this relief they insist is therefore erroneous. But counsel misapprehend the precise facts of the case. Cooper was discharged from liability for the debt. But the debt was not thereby satisfied or paid; it still subsisted and defendant became the party liable for its payment. The mortgage is but an incident of the debt and follows it.

IV. It is a familiar doctrine, recognized by many cases determined in this court, that when the vendee of real estate assumes to pay a mortgage thereon as payment for the property, the mortgage may be foreclosed against him and a decree rendered binding him personally. This is the precise case made by the answer of defendant. He admits that the balance of a certain sum of money, which was a part of the consideration paid by him for the mortgaged land, after deducting taxes and liens to be paid by Cooper, he was to pay to plaintiff upon the mortgage. We are at a loss to understand upon what grounds a foreclosure with a personal judgment for such an amount can be objected to.

V. We do not understand counsel to claim that defendant can be protected against the lien of the mortgage by his tax title. That he cannot is quite clear. *Porter* v. *Lafferty*, 33 Iowa, 254.

VI. By a special finding of the jury it appears that defendant paid $260 for taxes and to acquire the tax titles. It was also found that defendant was to pay the taxes out of the money, $450, to be paid for the land; that is, he was to pay and discharge the taxes and deduct the sum required out of

VOL. XXXVII. — 31

the cash consideration for the land. The balance was to be paid to plaintiff. He became liable to pay plaintiff $190 only under this state of facts, and judgment against him personally should have been rendered for that sum and no more.

But as the purchase of defendant with notice of the mortgage cannot affect its lien, it must be foreclosed for the whole amount of the debt, and proper process be issued for the sale of the land to satisfy the same.

The decree of the district court will be modified accordingly. The case may be remanded for that purpose or at plaintiff's option a proper decree may be rendered in this court.

Modified and affirmed.