## Case No. 1,445.

### BISSELL v. BUGBEE.

[8 Cent. Law J. 272;[1] 7 Reporter, 550.]

Circuit Court, D. Indiana. March Term, 1879.

MORTGAGES—ASSUMPTION OF MORTGAGE BY GRANTEE—FORECLOSURE—DECREE FOR DEFICIENCY—LIABILITY OF GRANTEE TO CREDITOR OF GRANTOR.

[1. The promise of a grantee of land to his grantor, to pay a mortgage thereon, inures to the benefit of the mortgagee, who, in proceedings to foreclose, is entitled to a decree against such grantee for any deficiency after sale of the mortgaged premises.]

[See Hayden v. Drury, 3 Fed. 782; Twichell v. Mears, Case No. 14,286.]

[2. The bringing of the suit is a sufficient acceptance of the grantee's promise by the mortgagee.]

[See New York Life Insurance Co. v. Aitkin, 26 N. E. 732. 125 N. Y. 660; Hayden v. Snow, 14 Fed. 70; Baer v. Knewitz, 39 Ill. App. 470; Lowe v. Hamilton, 31 N. E. 1117, 132 Ind. 406; Rouse v. Bartholomew, 32 Pac. 1088.]

In equity.

Harrison, Hines & Miller, for complainant.
A. B. Young, for defendant.

GRESHAM, District Judge. After executing the notes and mortgage described in the bill, Bugbee conveyed the premises to Rust; Rust conveyed to Kellogg, and Kellogg to Price, each successive purchaser assuming the payment of the mortgage-debt by stipulation contained in the deed accepted from his grantor. Price erased from Kellogg's deed to him, before it was recorded, the stipulation to pay the complainant's debt. Prayer for foreclosure and a decree against Price for payment of any deficiency after sale of the mortgaged premises. Price demurs to the bill for want of equity.

For a consideration moving from Kellogg to Price, the latter agreed to pay the complainant's debt. This agreement in equity inured to the complainant's benefit, and being in a court of equity, Price is liable directly to the complainant. Kellogg is the surety of Price, and might have filed a bill against him and the complainant to compel Price to pay the debt directly to the complainant, or so much of it as might be left after exhausting the mortgaged premises. Price owes the money, and common sense and common honesty require that he should pay it directly to the creditor. The parties are all before the court, and instead of sending the money from Price around the circuit to the creditor, he will be required to pay it directly to the person ultimately entitled to receive it. It is now well settled that where the purchaser of land promises the grantor to pay off a specified mortgage or other incumbrance on the land, this obligation inures for

the benefit of the mortgagee or incumbrancer who may in equity compel such purchaser to respond directly to him. Story, Eq. Jur. (11th Ed.) § 1016d; Miller v. Billingsley, 41 Ind. 489; Marsh v. Pike, 10 Paige, 595; Crawford v. Edwards, 33 Mich. 354; Bishop v. Douglass, 25 Wis. 696; Bowen v. Kurtz, 37 Iowa, 239; Crowell v. Currier, 27 N. J. Eq. 152; Klapworth v. Dressler, 2 Beas. [13 N. J. Eq.] 62. The case of Second Nat. Bank v. Grand Lodge [98 U. S. 123] is cited in support of the demurrer. That was an action at law, and the supreme court held that where a debt already exists from one person to another, a promise by a third person to pay such debt, being primarily for the benefit of the original debtor, and to relieve him from liability for it, there being no novation, he has a right of action against the promisor for his own indemnity, and if the original creditor can also sue, the promisor would be liable to two separate actions, and therefore the rule is that the original creditor cannot sue. In actions at law on contracts, the rule is that where there is no privity or novation, the action cannot be maintained, and that, I think, is as far as the supreme court intended to go in this case. In equity, the creditor is entitled to the benefit of all obligations for the payment of his debt, whether they be direct or collateral.

It is further urged that the complainant had no right of action against Price when the suit was commenced, because he had not notified Price of his acceptance of the promise to pay the debt. Price's agreement with Kellogg to pay the debt was not rescinded; it remained in full force for the complainant's benefit; it was to the complainant's interest to accept it; there was no reason why he should not accept it, and I think the bringing of the suit was a sufficient acceptance. It is hardly necessary to say that Price's mutilation of the deed by erasing the promise to pay the mortgage debt, without the knowledge or consent of Kellogg, left his obligation unimpaired.

Demurrer overruled.