## LEWIS ET UX v. DAY.

1. **Evidence:** CONTRACT: VENDOR AND VENDEE. Where there exists a written contract for the sale of real estate, parol evidence is inadmissible to show that the vendee agreed to assume a mortgage upon the property as a part of the purchase price.

2. **Vendor and Vendee:** CONTRACT: ASSUMPTION OF MORTGAGE. Where by the terms of a contract for the sale of real estate the vendee was to take the same subject to a certain mortgage, it was held that he might properly refuse to accept a deed containing a clause reciting that he assumed the payment of such mortgage.

*Appeal from Polk Circuit Court.*

TUESDAY, APRIL 27.

THE plaintiffs sold and the defendant purchased of them certain real estate, and the plaintiffs claim the defendant bound himself to pay a certain mortgage thereon executed by them. This the defendant denied, and because the conveyance tendered contained a stipulation to that effect he declined to accept it, and refused to complete the purchase. This action was brought to recover damages caused by such refusal. There was a jury trial, special verdict and judgment for the defendant; the plaintiffs appeal.

*Phillips, Goode & Phillips,* for appellants.

*Barcroft, Given & McCaughan,* for appellee.

SEEVERS, J.—I. The property sold was known as the "Opera Block, in East Des Moines." The contract was in writing, the material portion being as follows:

1. EVIDENCE: contract; vendor and vendee.

"For said premises, Day is to give to said Lewises as follows: Lewises are to convey subject to the Hartford loan of $11,440, the $440.00 being interest. Day is to take up mechanics' liens to the amount of $5,000.00. Day is to give Lewises the lands as follows:       *       *       . The mortgage to Hartford company provides that the same is not payable for ten years from the time the same was made, if semi-annual interest at the rate of eight per cent shall be paid, and Lewises are to keep Day in the matter thereof where they were before the first installment became due, though Day must pay the installment now due at an early day, and as soon as three days from date, on being made secure in any manner       *       *       Lewises are not to warrant in. their conveyance as against the Hartford mortgage, that being excepted therefrom."

At a proper time the plaintiffs offered to file an amendment to their petition, alleging "that at the making of the contract set out in their petition, the defendant assumed and agreed in parol to pay off the Hartford mortgage,       *       * as part of the purchase price of said property,       *       * when and as the same should mature, and to hold the plaintiffs harmless therefrom," and also offered to establish such allegation by parol evidence. The court refused to permit the amendment to be filed, or to admit parol evidence to establish such agreement.

This is claimed to constitute error, because the parol agreement in no manner added to, or varied, the written contract, and because it has uniformly been held the consideration named in a conveyance of real estate may be shown by parol to be either greater or less.

This last proposition is without serious doubt true, and is supported by *Puttman v. Haltey*, 24 Iowa, 425; *Harper v. Perry*, 28 Id., 57; *Trayer v. Reeder*, 45 Id., 272. In none

of these cases was there a written contract containing the terms and conditions of the sale. The conveyance is not the contract. The latter must have existed before the former was executed. Proof that the consideration was different from that named in the deed neither adds to, or takes anything therefrom, for the rule stops short of allowing parol evidence to establish that there was no consideration, and thus render the deed invalid as a conveyance of the title.

The question in the present case is materially different from this. The written contract either did, or did not, contain a stipulation to the effect the defendant should pay the Hartford mortgage. If it did, the proposed amendment and evidence was immaterial. If it did not, it is evident to our minds the parol proof offered would have a direct tendency to add to, or vary, the legal effect of the contract. It makes no difference that the offer was to show that the mortgage was deducted as a part of the purchase price. For the appellants claim the law to be, if the mortgage was deducted from the price agreed to be paid, a promise by the defendant to pay the mortgage will be implied. If this proposition be true, the legal effect of the proposed evidence would be to add to the writing such implied promise, or rather it would follow as a legal conclusion from the established fact. If such a conclusion would not follow, then the proposed evidence would be immaterial. In *Bowen v. Kurtz*, 37 Iowa, 239, and *Ream v. Jack*, 44 Id., 325, the contract existed only in parol, and these cases are, therefore, clearly distinguishable from the present. In *Buckley's Appeal*, 48 Penn. St., 491, there is nothing tending to show there was a written contract. The contrary we think clearly appears.

II. Within the time stipulated in the contract, or afterward agreed upon, the plaintiffs tendered to the defendant

2. VENDOR and vendee: contract: assumption of mortgage.

a deed for the " Opera Block," which contained a provision that the latter was " to pay as a part of the purchase price of said premises " the Hartford mortgage. This conveyance the defendant refused to

accept, and complete the purchase.   It is insisted the convey-
ance was in accord with the contract as it should be inter-
preted, under the allegations of the petition, and the special
findings.   The averments of the petition referred to consist
of statements showing the relative values of the property
which were to be exchanged, and the answer concedes the
Opera Block was worth more· than the real . estate and money
defendant agreed to give therefor.   Suppose such excess in
value was equal to the Hartford mortgage it would not fol- ·
low, and such fact would not, we ·think, tend to establish, that
the defendant bound himself personally to pay the mortgage.

The contract must speak for itself, and the only inference
that can be drawn therefrom is that the defendant purchased
and agreed to take the Opera Block subject to the mortgage.
Such a provision must, to say the least, have the effect to
make the property the primary fund out of which the mort-
.gage should be satisfied; this is quite different from person-
ally agreeing to pay the mortgage.   The contract did not
personally bind the defendant to pay the mortgage, nor did
the jury so find, and, therefore, the defendant was justified
in refusing to accept the conveyance tendered.   The contract
does not purport to state that any sum was agreed upon as
the value of the property on either side.   We understand
the ·transaction to have been an exchange of property·on one
side for property and money given by the other.   There are
authorities which hold that if the amount of the incumbrance
is deducted from the purchase price that the vendee is bound
.to indemnify his grantor against the incumbrance whether he
expressly promised to do so or not, for a promise will be
·implied.   *Thompson, Adm'r, v. Thompson*, 4 Ohio St., 333,
*McMahan v. Stewart*, 23 Ind., 590; *Ferns v. Crawford*, 2
Denio, 595.   The only point decided in *Thompson v. Ward*,
27 Conn., 610, was that the conveyance tendered was ·not
objected to in time, and therefore the vendee was holden.
It was held in *Burke v. Guernsey*, 49 Pa. St., 518, that "a
vendee of property taken subject to a mortgage makes the

debt his own; and if on a sale upon the mortgage there is a deficiency which the vendor is obliged to pay on his bond, he may recover in an action against the vendee." As we understand, this case only holds that the property constitutes the primary fund for the payment of the mortgage. This, if conceded to be sound, does not meet the necessities of the case at bar because the mortgaged property has not been exhausted, and the plaintiffs seek to make the defendant primarily liable.

It has been held by this court that the " sale and conveyance of land with covenants of warranty, subject, however, to a prior mortgage, does not of itself and without a further showing amount in law to a promise to pay off such incumbrance and discharge the mortgage debt. *Johnson v. Monell*, 13 Iowa, 300; *Aufricht v. Northrup*, 20 Id., 61; *Hull & Co. v. Alexander*, 26 Id., 569. These cases we think are supported by the following authorities: *Benisse v. Page*, 1 Keyes (N. Y.)., 87; *Johnson v. Fink*, 51 N. Y., 333; *Strong v. Converse*, 8 Allen, 557; *Notter v. Hughes*, 2 Kernan, 74; *Comstock v. Hitt*, 37 Ill., 542; *Fowler v. Fay et al.*, 62 Id., 375, and our attention has not been directed to any case holding otherwise unless it be *Burke v. Guernsey*, before cited. In *Belmont v. Cowan*, 22 N. Y., 438, the conveyance contained covenants of warranty, but the incumbrance was excepted therefrom and it had been estimated as a part of the purchase price, yet it was held the grantee was not personally liable for the amount unpaid after the mortgaged premises had been exhausted.

The covenants and exceptions in the conveyance in the case at bar are identical with those in *Belmont v. Cowan*. It is proper to remark that it does not appear what covenants were contained in the conveyance in *Johnson v. Monell*, before cited. In *Cleveland v. Southard et al.*, 25 Wis., 479, the mortgage was excepted from the covenants of the conveyance against incumbrances, and it was held the grantee was not primarily liable, although the conveyance stipulated it was

taken subject to the mortgage. This is as far as we need go in the present case. What would be the rule if the mortgaged property had been exhausted, and the plaintiffs compelled to pay any portion of the debt secured by the mortgage, is not in the case.

AFFIRMED.