JOHN MULCRONE AND MICHAEL MULCRONE v. THE AMERICAN
LUMBER COMPANY.

*Novation of corporate debt—Powers of general agent—Statute of Frauds—
Common counts.*

1. The novation of a debt due from a corporation is within the authority
of a general agent who has power to pay its debts.

2. Where A owes B and B owes C, and B asks A to pay C the amount of
B's debt to A, and C, in consideration of A's agreement to do so, re-
leases B, while A charges B with the amount to be paid C, the trans-
action amounts to a novation and is valid and based on sufficient
consideration.

3. The Statute of Frauds does not apply to an agreement to pay the debt
of a third person where, as part of the agreement, such person is dis-
charged from his original indebtedness.

4. The common counts are proper in suing for a debt which defendant
has assumed by novation, where defendant has retained, for the pur-
pose of paying it, the money originally due to the person whose debt
is thus assumed, and where also, the amount to be paid under the
novation agreement is a sum certain. The count for money had and
received covers the first case, and indebitatus assumpsit the other.

Error to Mackinac. (Steere, J.) Jan. 9.—Jan. 14.

ASSUMPSIT. Defendant brings error. Affirmed.

*Cady & Hoffman* for appellant.

*Humphrey & Perkins* for appellees.

CHAMPLIN, J. The defendant is a foreign corporation
engaged in the lumbering business in this State. The plaint-
iffs commenced this suit in attachment, and declared against
it upon the common counts in assumpsit and filed and served
therewith a bill of particulars as follows :

" SIR : Please to take notice that the following is a bill of
particulars of the plaintiffs' demand in this cause, and for
the recovery of which this action is brought, to wit :

1883, May 17.—To amount of merchandise sup-
plied W. E. Weller by plaintiffs,
and assumed by defendants - -  $100  00
To 8 mos. int. @ 7 per cent., -        4  66
                                     _____
                                     $104  66

Yours truly,

HUMPHREY & PERKINS, Plaintiffs' Attys.

*To Cady & Hoffman, Defendants' Attys.*"

The defendant pleaded the general issue.

At the trial, which was had before the court without a jury, the plaintiffs' attorneys made a statement of their cause of action to the court as follows :

In this action, brought by the Mulcrone Bros. against the American Lumber Company, the debt claimed by plaintiffs to be due them from defendant is $100 and the interest thereon from May of last year. The Mulcrone Bros. had been supplying the American Lumber Company with goods from time to time, and had, in May of last year (1883), been supplying goods to one Weller, who was a contractor for said company to the amount of $100. At that time, one of the plaintiffs went to one Gordon, who was agent or manager for the defendant, to get their pay for these goods purchased by Weller. Not succeeding at that time in obtaining a settlement and getting their pay, said party (plaintiffs) told said Gordon that they would then sue Weller and garnish the defendant for the amount, as the defendant was owing Weller. Said Gordon then promised plaintiffs, if they would not sue or garnish the said defendant, they (the American Lumber Company) would pay plaintiffs the $100 claimed. Thereupon plaintiffs accepted the proposition, and refrained from suing, and the debt not being paid by said company they have brought suit to recover the same. The particulars of the transaction will appear as the case progresses. He then produced John Mulcrone, one of the plaintiffs, who was sworn, and testified that he knew the defendants, and had done business with them at Dollarville and at St. Ignace ; that they owed plaintiffs $107.50 for goods supplied to Mr. Weller, who was

a contractor for defendant. Thereupon counsel for defendant made a general objection to receiving any evidence as outlined by counsel's opening statement as incompetent, immaterial and irrelevant under the pleadings, and also, for the same reasons, moved to strike the same out, which objection and motion were overruled, and exception taken by defendant.

Witness further testified, under objection of defendant's counsel, that he spoke to the American Lumber Company's agent by the name of Gordon, with whom plaintiffs had before done business as agent of defendant, about this debt; that before this interview with Gordon Mr. Weller had issued an order on the American Lumber Company, with the approval of Mr. Gordon, for this sum of $100. Gordon would not pay this order, and witness told him that plaintiffs would garnish the defendant for the amount Weller owed plaintiffs. Gordon then told witness not to do so ; that they would pay that order of $100 if he would not sue and garnish the company; that he, on that request, forebore to sue. That also included a suit against Weller, and thereupon plaintiffs took no steps against Weller, or to garnish defendants ; that is, in consideration of that promise of Mr. Gordon's, he did not sue Weller. Plaintiffs then relinquished their claim against Weller, and let him out and looked to the American Lumber Company alone for their pay. This was about the 20th of May, 1883. After that Weller showed to witness a statement made out by Gordon, or given by him to Weller, showing how the account stood between the American Lumber Company and Weller ; and witness testified that Gordon told him that he gave the statement to Weller. In this statement Weller is charged " To Mulcrone Bros., $100," which is the sum in question in this suit. On cross-examination witness testified that the following order was in the handwriting of his brother, and was signed " G. Weller." It reads as follows :

"St. Ignace, May 9, 1883.

*American Lumber Company, Dollarville*—Gentlemen : Please pay Mulcrone Bros., or order, the sum of one hundred dollars ($100), the same to be paid from the amount due me for rafting the first million feet of timber which I will raft.

W. E. Weller."

This order bears the same date as a letter offered in evidence by defendant, as follows:

"ST. IGNACE, May 9, 1883.

*American Lumber Company, Dollarville*—GENTS: We inclose you another order on Am. Lumb. Co., from W. E. Weller, of one hundred dollars. Please acknowledge receipt of same. He says he will have the million rafted to-night. Please remit the am't of acc't as soon as convenient, for we had to pay the order to his men to-day.

Yours respectfully,          MULCRONE BROS."

Witness further testified, on cross-examination, that, not hearing from this letter, plaintiffs addressed them again, May 28, 1883, as follows:

"ST. IGNACE, MICHIGAN, May 28, 1883.

*American Lumber Co., Dollarville, Mich.*—GENTLEMEN: Please let us know by return of post what you are going to do in regard to the $100 order of W. E. Weller. We are anxious to hear from you in regard to it. You will confer a favor by letting us know right away. Please answer, and oblige          Yours respectfully,
MULCRONE BROS."

Defendants paid no attention to this letter and plaintiffs brought suit.

The alleged agreement appears to have been made with an agent of defendant corporation, and it became important to the plaintiffs, in order to bind the defendant, to show that the agent had authority to enter into the agreement. The only testimony bearing upon this question, aside from that above stated, is that of John Mulcrone, given on his cross-examination, as follows: "I know that Gordon was agent, for the reason that we received letters from him signed American Lumber Co., and he acted for them in various capacities. He had charge of their timber, of booming their lumber and timber, of paying their men and settling with their contractors. Mr. Weller had an account with us of forty dollars, and Gordon, for the American Lumber Co., paid that. Weller gave us an order on the American Lumber Company, and I first asked Gordon if he would accept the order, and

55 MICH—40

he said they would.   My brother wrote the order and Weller signed it, and the American Lumber Company received it as they notified us."

The facts testified to tended to make out a case of novation. Weller was indebted to plaintiffs.   Defendants were indebted to Weller.   By Weller's request defendants promised to pay the one hundred dollars, which they owed Weller, to plaintiffs instead of to Weller.   Plaintiffs relinquished their claim upon Weller in consideration of defendant's promise to them, and defendant charged the amount to Weller on its books. Such a transaction is valid and rests upon a sufficient consideration.   2 Whart. Cont. § 853.

We think the evidence shows that the agent was acting within the scope of his authority.   It was a mode of paying Weller so much of the amount due upon his contract.   The plaintiffs in making their case did not rely upon the order as their cause of action, but upon the agreement, and the only office the order performed was to show the assent of Weller to the agreement.

The Statute of Frauds has no application to a case like the present.   *Bird v. Gammon* 3 Bing. N. C. 883; *Dearborn v. Parks* 5 Greenl. 81; *Rowe v. Whittier* 21 Me. 545; *Pike v. Brown* 7 Cush. 133; *Barker v. Bucklin* 2 Den. 45; *Farley v. Cleveland* 4 Cow. 432; *Rice v. Carter* 11 Ired. 298; *Files v. McLeod* 14 Ala. 611; *Robbins v. Ayres* 10 Mo. 538; *Bowen v. Kurtz* 37 Iowa 239.   The rule has been stated to be that where a party who was not before liable, undertakes to pay a debt of a third person, and as a part of the agreement, the original debtor is discharged from his indebtedness, the agreement is not within the statute.   *Packer v. Benton* 35 Conn. 343; *Fairlie v. Denton* 8 B. & C. 395; *Wilson v. Coupland* 5 B. & Ald. 228.

The defendant's counsel claims that no recovery can be had under the common counts.   The testimony tended to show, and, we think, established the fact, that defendant was indebted to Weller in the amount of his indebtedness to plaintiffs, which was retained by them and constituted a fund in defendant's hands with which to pay plaintiffs, and in such

case the defendant would be liable under the count for money had and received. Moreover, the amount to be paid by defendant under the agreement was a sum certain, and it is elementary law that when a sum certain is due on a simple contract, indebitatus assumpsit will lie to recover it. *Packer v. Benton* 35 Conn. 343.

The judgment of the circuit court is affirmed.

The other Justices concurred.