MOTT GLEASON v. DAVID FITZGERALD, SURVIVOR, ETC.

*Novation—Statute of frauds.*

1. A firm of railway contractors sublet the work, reserving the right to pay off the laborers employed by the subcontractors, who assigned to the contractors all moneys due said laborers. The liability of the contractors to the laborers was limited to the amount so assigned, and to the amount due and payable to the subcontractors. The subcontractors abandoned

their contract, and gave time checks to the laborers for the amount due them. The laborers sold their checks, and the contractors arranged with the purchaser, with notice that he was to release the subcontractors, to pay said checks, which were charged up in account against the subcontractors. And it is held that a complete novation was effected, and that the contractors could not defend on the ground that they had in fact overpaid the subcontractors.

2. Such an agreement is not within the statute of frauds.

Error to Lake. (McMahon, J.) Submitted on briefs April 19, 1895. Decided May 28, 1895.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Thomas F. McGarry* and *George E. Nichols,* for appellant.

*Charles A. Withey,* for plaintiff.

GRANT, J. July 18, 1889, the defendants made a contract with the Chicago & West Michigan Railroad Company by which they agreed to lay and ballast the track between Baldwin and Traverse City. The work was to be done under the instruction and supervision of its chief engineer, whose decisions were to be final and conclusive on all matters of dispute. The defendants sublet this work to the firm of Lambert & Van Norman. The contract contained the following provision:

"That the said parties of the second part reserve the right to pay off the laborers who work for said first party under this contract, and the said party of the first part, for and in consideration of the sum of one dollar, hereby sells, releases, and assigns unto the party of the second part all moneys and sums of money due to laborers under this contract, and in execution of the same; *but it is expressly agreed that the party of the second part assumes no liability to the laborers who do work in execution of this contract, over and above the amount assigned by the party of the first part to the party of the second part, and not over and above the amount due and payable to the party of the first part.*"

Lambert & Van Norman continued for some time to work under the contract. A dispute arose between them, and Lambert & Van Norman finally abandoned it. Lambert & Van Norman, through their time keeper, gave time checks to their workmen; certifying the number of days' work performed, the rate per day, the deductions, and balance due, and made payable at Hannah, Lay & Co.'s Bank, at Traverse City, Mich. Lambert & Van Norman had no money at the bank with which to pay these checks. Plaintiff insists that he purchased these time checks, and made an arrangement by which the defendants agreed to pay them; that he released Lambert & Van Norman from liability; and that a complete novation was effected. It is insisted on the part of the defendants that a novation was not proven, and that before a novation could take place a valid indebtedness must be shown to exist between Lambert & Van Norman and the defendants.

It is not necessary, under the facts of this case, to determine whether the defendants were in fact indebted to Lambert & Van Norman. They had assigned to the defendants all moneys due from them to their laborers. If, therefore, the defendants had agreed to pay the plaintiff, and he had released Lambert & Van Norman, it is entirely clear that they could not defend upon the ground that they had in fact overpaid Lambert & Van Norman. The statute of frauds has no application to such case. The evidence on the part of the plaintiff tended to show that he made the agreement with defendants and Lambert & Van Norman, that defendants made the promise to pay with notice that Lambert & Van Norman were to be released, and that these time checks were in fact charged up against Lambert & Van Norman in an account rendered by the defendants. It is unnecessary to review the evidence at length. The question was fairly left to the jury, under proper and explicit instructions, and there was ample evidence to support their

verdict. The case is controlled by *Mulcrone v. Lumber Co.*, 55 Mich. 622.

Judgment affirmed.

The other Justices concurred.