THE STATE BANK OF STRATFORD, Appellee, v. J. E. YOUNG and J. C. YOUNG, defendants, J. H. JOHNSON, Garnishee, Appellant.

**Attachment:** GARNISHMENT: ELECTION OF REMEDIES. A creditor may attach land sold by his debtor and at the same time garnish his vendee; and the garnishee cannot defeat the garnishment on the ground that the attachment was an election by which the creditor was bound, where the creditor confined himself to his rights under the garnishment.

**Same:** FRAUDULENT CONVEYANCES. The question of whether a conveyance of property by a debtor was fraudulent cannot be determined in a garnishment proceeding against the vendee.

**Same:** CONSIDERATION: PAROL EVIDENCE: INSTRUCTIONS. A creditor is bound by the contract of his debtor for the sale of his land to a vendee whom the creditor has garnished, but the creditor may inquire into the true consideration; and for this purpose ·parol evidence is admissible. And where there was evidence that a vendee, who was seeking to defeat a garnishment by a creditor of the vendor, had changed the contract and deed, an instruction that the jury might consider evidence of prior oral negotiations of the parties; that the expressed consideration was *prima facie* correct though not controlling; and that if a preponderance of the evidence showed that the expressed consideration was not correct they must so find, was proper.

**Same:** GARNISHMENT: BURDEN OF PROOF: INSTRUCTION. An instruction in garnishment proceedings that the plaintiff has the burden of showing that the garnishee was indebted to the defendant was a sufficient statement that the liability of the garnishee cannot be presumed.

**Same:** LIABILITY OF GARNISHEE: INSTRUCTION. An instruction that the garnishee is entitled to have any money paid or property delivered to the debtor prior to the garnishment offset against his indebtedness to defendant, but that he is not entitled to any claim previously settled or liquidated, was not misleading; as the words settled or liquidated, in view of the evidence, must have been understood as meaning paid.

*Appeal from Hamilton District Court.*—HON. C. G. LEE, Judge.

SATURDAY, MARCH 15, 1913.

ACTION by attachment against the defendants, J. E. Young and J. C. Young, in which the appellant, J. H. Johnson, was attached as garnishee. Trial to a jury, verdict for plaintiff, upon which judgment was entered against the garnishee for $1,136.40, and costs. The garnishee appeals.— *Affirmed.*

*Wesley Martin,* for appellant.

*J. L. Kamrar* and *E. Prince,* for appellee.

PRESTON, J.—The suit against the defendants, Young, was on promissory notes. A writ of attachment was issued, and certain real estate was levied upon. The land levied upon was sold by defendants, Young, to Johnson, the garnishee, and the deed made before the levy. Under the writ, the garnishee, Johnson, was summoned as a supposed debtor of the defendants, Young. The garnishee answered that he purchased two hundred and five acres of land of defendants, and that the deed had been delivered to him and embraced all the land

purchased; that the indebtedness to the garnishee, together with $150 cash paid, constituted the purchase price; and that he was not indebted at the time of taking the answer, or at the time of the garnishment.

Plaintiff filed a pleading controverting the answer of the garnishee, stating, in substance: (1) That it denies the correctness of the answer, and denies that defendant is not indebted to the plaintiff. (2) That the garnishee, Johnson, entered into a contract with the principal defendants to purchase their farm of two hundred and five acres at the agreed price of $35 per acre and the aggregate price of $7,175, which sum was to be paid by the garnishee as follows: $500 cash, and assume certain liens thereon, and to pay plaintiff's claim and about $800 that the defendants owed to the garnishee, and the balance in cash to be paid to the said Youngs when deed was made and delivered. That the contract between defendants and Johnson was reduced to writing by one Neese at the request of the said Youngs and Johnson. That during the negotiations and the preparation of said writing plaintiff's claim was talked about, and it was agreed that the said claim of plaintiff should be paid out of the purchase money for said farm, to all of which the garnishee assented and agreed. That the said writing was taken by the garnishee after the same had been read over, but was not then signed. That afterwards said Young and the garnishee, for the purpose and with the intent to defraud the plaintiff out of its claim, undertook to make a new bargain for the said farm, and to increase the indebtedness which the garnishee held against the Youngs from $800 to $1,860, which amount the garnishee now claims he should have out of the purchase price, when in truth and in fact he was only entitled to about $800, due the garnishee from the Youngs, and that there is now due a large amount of money from the garnishee on the purchase price of the land. That no money was paid to the said Youngs by the said Johnson, and he is now indebted for the entire purchase price of the farm. That the plaintiff

relied upon the agreement of the garnishee to pay its claim
out of the purchase money. That the garnishee was secretly
and fraudulently conspiring with the said Youngs to defeat
their claim by getting the title to the said land in his name.
That, but for the agreement, plaintiff could and would have
taken steps to secure its claim. That by reason of such facts
the garnishee is estopped from saying that he does not owe
defendants, and is estopped from refusing to pay plaintiff's
claim.

Later, and during the trial, plaintiff amended its plead-
ing, in which its states: The plaintiff claims for two hun-
dred and thirteen acres of land, at $35 per acre, amounting
to the aggregate sum of $7,455, it appearing by the evidence
that the land was sold to garnishee for $35 per acre, the num-
ber of acres being agreed upon as two hundred and thirteen,
and plaintiff claims there was $1,200 due from the garnishee
to the defendants at the time of the garnishment. Wherefore
plaintiff asks judgment against the garnishee for $1,200, with
interest at 6 per cent., and costs.

The garnishee moved to strike the second division of plain-
tiff's pleading because redundant and immaterial, and because
it forms no basis for the issue upon the answer of the garnishee,
and because the only question is whether the garnishee is
indebted to the principal defendants in any sum, and that
an agreement between the garnishee and the plaintiff, if one
existed, cannot be alleged in this proceeding. There was no
ruling on this motion.

The garnishee answered plaintiff's pleading, stating, in
substance, that he denies all allegations therein not admitted,
admits the purchase of certain lands from defendants, but
avers that the purchase of said lands was pursuant to con-
tract, and that payment therefor was concurrent with the
purchase; that the lands purchased were heavily mortgaged
and otherwise incumbered, and that the assumption and pay-
ment of the mortgages and incumbrances constituted a part
of the purchase price, while notes and accounts held by the

garnishee against the defendants and $150 cash constituted the remainder of such payment; that nothing was due defendants from this garnishee, but, on the contrary, defendants were then and are now indebted to him; that the plaintiff caused the lands purchased to be attached as the property of the said defendants; that by reason of such attachment the plaintiff elected to treat the said lands as the lands of defendants; that plaintiff cannot now maintain that the garnishee is liable for the purchase price; that by such election the said plaintiff is estopped from pursuing the garnishee in this action.

I. Appellant makes the point in argument that the answer of the garnishee was not taken in the case at bar, but was taken in another and different case, and that there was nothing upon which to support an issue, and no valid judgment could be entered against the garnishee, and cites cases in support of his position. This is one of the controversies between counsel as to the state of the record. Appellant's abstract recites that the answer of the garnishee was taken by the commissioner, not in the case at bar, but in the case of *Snell v. Young,* but transcribed as though taken in the case at bar. The appellee says that the answers were taken in this case.

Turning to the original files which have been certified, we find attached to the pleadings in this case a paper entitled as follows: "In the District Court of Hamilton County, Iowa. April Term, A. D. 1906. The State Bank of Stratford v. J. E. Young (J. H. Johnson, Garnishee). Answer of J. H. Johnson, Garnishee, taken before John H. Williams, Commissioner." Then follows the examination of the witness, certified to by the commissioner as having been taken in this case, and marked filed in this case by the clerk. Notice was served on the garnishee, he appeared, and the case was tried on issues tendered by the pleadings. It would seem as though there was no merit in appellant's contention at this point.

II.   The appellant's first contention, as he states it, is that the attachment of the property purchased by the garnishee as the property of the debtor is inconsistent with the garnishment of the purchaser as a supposed debtor of the vendor of the property, and such attachment is an election to hold the property instead of the debt due for the property, and releases the garnishee, and in support of his claim cites *Lawrence v. McKenzie*, 88 Iowa, 432.   That was a contest between creditors as to which had the prior claim to personal property, in which case it was held that the plaintiff, by causing the debtors of the defendant to be garnished, waived all his rights under an assignment.   The plaintiff was in possession of the property, which consisted of book accounts.   The court held that the plaintiff's claim under his garnishment was inconsistent with his claim by virtue of the assignment, and that one in possession of personal property, and claiming a lien thereon, or title thereto, cannot attach the property for the same debt and still maintain his prior lien or claim.   The effect of the holding there was that having waived the lien, or his claim of title, by reason of the assignment, the rights of the parties should be determined under the garnishment proceedings alone.   So that, instead of being an election to hold the property rather than the debt due for the property, as counsel for appellant contends, it was in reality an election to determine the rights of the parties under the garnishment proceedings.   That is what was done in this case, and it was tried on that theory.   The question as to the property itself, the land, or any lien thereon, or claim thereto, was not put in issue.   Plaintiff's idea in levying on the land and attaching Johnson as garnishee was, no doubt, to secure its claim as against Young and to proceed in equity to set aside the deeds, if it should conclude that the sale itself was fraudulent; but, if it concluded there was in fact a sale of the land, it would then hold the proceeds, if any, in the hands of the purchaser under the garnishment.   The bank made no further claim

1.   ATTACHMENT: garnishment: election of remedies.

under the levy on the land, and by proceeding under the garnishment abandoned and waived its rights, if it had any, by the levy on the land. If plaintiff had proceeded to sell this land under execution, or under the attachment levy, it would have been a different matter.

If there was any election by the plaintiff bank in this case, it was to proceed under the garnishment rather than under the levy. Having done so, it could not perhaps, now or hereafter, elect again and proceed under the levy, there being no claim that the sale itself was fraudulent. This is all appellant can claim for the case of *Elevator Co. v. Railway,* 97 Iowa, 719.

Appellant cites *Bank v. Crahan,* 135 Iowa, 232, where it is said that, by the levy of an attachment, plaintiff abandoned any equitable lien he may have had on the same property. It has been held, however, that a former discharge of a fraudulent grantee, when garnished upon execution against his grantor, cannot be urged as a former adjudication in his favor, in a subsequent action against him to subject the fraudulently conveyed real estate to the payment of the judgment against his grantor, for the reason that questions of title to real estate cannot be determined in garnishment proceedings. *Wright v. Mahaffey,* 76 Iowa, 96. The remedies are not necessarily inconsistent.

The question for determination on the trial of this case was whether Johnson was indebted to the Youngs, and, if so, how much. The court was not called upon to instruct as to waiver, or election of remedies, and there was no error in not doing so. Appellant did not request an instruction on this subject.

III. Appellant states his next proposition this way: The question whether a conveyance of property is fraudulent cannot be determined in a garnishment proceeding. Nor

2. SAME: fraudulent conveyances.

can it be shown, in such proceeding, that the number of acres conveyed by the deeds is different from that stated in the deeds under which the vendee holds the property. He cites two cases in

support of the proposition. *Boyle v. Maroney,* 73 Iowa, 70; *Wright v. Mahaffey,* 76 Iowa, 96. These were equitable actions to subject real estate to payment of judgments. They sustain the first part of appellant's proposition, but not the last. It is claimed by plaintiff that the deed was fraudulently changed, by defendants and garnishee, after its execution, to enable Johnson, the garnishee, to answer that he was not indebted to the Youngs, and with the understanding that Johnson would pay to the Youngs more than he was, in fact, owing them, and thus avoid paying the money to plaintiff. In the next paragraph of this opinion we shall refer to some of the evidence bearing on this matter.

IV. Appellant's points 3, 4, and 5, may be considered together. The third proposition is that the court erred in permitting parol evidence of the difference in the purchase price from that shown in the deeds, and his argument is that the creditor is bound by the contract between the debtor and the garnishee, in a garnishment proceeding; that if the sale is fraudulent the creditor must determine that fact in another proceeding; that in a garnishment proceeding it is not competent to show that the consideration was different from that expressed in the written contract and deed out of which the indebtedness arose. A part of instruction No. 7 given by the court reads: "You have a right to consider the evidence of what was said by the parties prior to the consummation of the purchase of the farm herein referred to in so far as it may aid you, if it does at all, in determining what the consideration was which the garnishee actually agreed to pay for the same, and whether or not, at the time the notice was served upon garnishee, he was in fact indebted to the defendants," etc. Another instruction given reads, in part, as follows: "The consideration stated in the deeds is *prima facie* the consideration which garnishee was to pay for said land, but said amount is not controlling, and if you believe from a preponderance of the evidence in this case that the amount therein stated was not the correct and

*3. SAME: consideration: parol evidence: instructions.*

actual consideration which garnishee agreed to pay, but that his agreement was to pay some other amount than the amount set forth in the deeds, then you will find the actual consideration to be in accordance with the fact as established by a preponderance of the evidence.''

Some of plaintiff's said propositions may be conceded. That the creditor is bound by the contract between the debtor and the garnishee may be conceded but it does not follow that plaintiff may not show what the real contract was, where there has been a fraudulent alteration by the garnishee after the execution and delivery of the deed or contract. It will be necessary at this point to refer to some of the evidence.

Turning to the record, we find that one of the principal defendants, J. E. Young, who was acting for himself and the other defendant in the sale of the land to Johnson, testified: That the farm he sold to Johnson contained two hundred and thirteen acres, and that the price agreed upon was $35 an acre. That one Neese was to draw the contract for the sale of the land, and that he did draw such a contract, but that it was never signed. That he (defendant) desired to pay the plaintiff bank out of the proceeds of the sale of the farm. That Johnson told said defendant that, if they were to transfer the land before Neese, defendant would not get a dollar of it. That Johnson told defendant to tell Neese that the deal was off, and that he (Johnson), would save the money and pay it to defendant. That defendant did so tell Neese. Then Young and Johnson went to defendant's back office, and that Johnson told Young that, if he would leave it to him, he would save the money and pay it over to Young. That the deeds were executed according to the agreement. That before they were recorded Johnson changed the consideration from $35 an acre to $33, and changed the number of acres so as to show a smaller amount of land. This was after the garnishment was served. That afterwards said defendant asked Johnson for some money, but that Johnson said he could not pay anything unless Young would make out a note and date it back two years.

That a note was so made out for $150. That Johnson paid. Young $150 in money, and Johnson said they had better date it back two years so he could answer the garnishee. That Johnson said he would fix up the books, and show to the court that Young was indebted to him, and he would answer that way, and then pay the money to Young. That Johnson said the book accounts would not fill out. The witness further testifies:

We had to have something else, so I turned over to him two Crosby notes, which I had paid and taken up, so Johnson could come in and answer the garnishee. Johnson could not figure out enough with the books and notes he had against me so but what he would be indebted to me, and he had to get notes to correspond with the bill so he could answer the garnishee, and so I turned these notes over to him, and, with the notes, and cutting the deed down $2 on the acre, he could just about fill it out, and I would be indebted to him a little, or something like that. We figured there would be about $1,100 coming to me after I had paid him all I owed him. I got about $100 worth of goods out of his store after the garnishment. Later Johnson said he would give me $200 in money and deliver me up all of my paper, if I would not appear against him, which I refused. Johnson has never paid me anything on this claim except the $150 in money and about $100 out of the store. Johnson has had the deeds ever since, and he has been in possession of the land. I refused to give up possession until he would settle, but he brought a forcible entry and detainer case and put me off. In one of the deeds the number of acres was changed from 55 to 47. The change was made by Johnson. I did not authorize him to. He said he would change it, and in that way we could answer it, because they would get in ahead of us with a judgment, and that we had to be pretty sly about it. I did not calculate to swindle the bank. I was trying to save some money out of it. I told Mr. Neese I would pay them and square up. Johnson wanted me to help him answer, and I would not do it.

There is more evidence of this kind. Johnson denied many of these matters, though he admits changing the deed, and explained that from his standpoint. We have set out

enough of the testimony to show that the instructions given by the court were proper. It was for the jury to determine which party was telling the truth.

The appellant contends that the court erred in admitting parol testimony as to the changing of the deed or deeds. None of the cases he cites seem to be in point. The general rule is, of course, that, in the absence of fraud, parol evidence is not admissible to vary a writing; but there are many exceptions to the rule, one of which is where fraud is the gravamen of the action or gist of the defense. Jones on Evidence (Pocket Ed.) sections 435 and 489; *Lavalleur v. Hahn,* 152 Iowa, 649; *Humbert v. Larson,* 99 Iowa, 275; *Fuller v. Lamar,* 53 Iowa, 477; 17 Cyc. 695; Jones on Evidence (Pocket Ed.) section 470. A fraudulent alteration of a deed by the grantee may be shown in a law action. *Rives v. Thompson,* 41 Ga. 68. See, also, *Harris v. McReynolds,* 10 Colo. App. 532 (51 Pac. 1016); 17 Cyc. 640; Jones on Evidence (Pocket Ed.) sections 18, 557. In this case the alterations are alleged to have been made by the appellant himself, and to his own advantage. It is not as though the alterations had been made by a stranger without his knowledge. As a general rule, the recitals of a written instrument as to the consideration are not conclusive, and it is competent to inquire into the consideration, and show by parol what the real consideration was. *Lewis v. Day,* 53 Iowa, 575; *Bank v. Flynn,* 117 Iowa, 493; Jones on Evidence (Pocket Ed.) sections 468, 469, 470; 17 Cyc. 648. But there are cases, including some of our own, apparently holding to the contrary, some of which are cited by appellant. *Schrimper v. Railway,* 115 Iowa, 35; *De Goey v. Van Wyk,* 97 Iowa, 491. But an examination of the cases shows that, where it has been held that parol evidence is not admissible on the question of consideration, the evidence tended to change the contract itself, and its other terms, instead of the consideration. The distinction has not always been made clear, but it would seem the reason is as stated. Jones on Evidence (Pocket Ed.) sections 468, 469, 470, and many cases there cited. See, also, *Lewis v.*

*Day, supra.* The consideration named in the deed is *prima facie* the true consideration. Jones on Evidence (Pocket Ed.) section 469.

V. It is next claimed by appellant that the liability of the garnishee will not be presumed, but must be affirmatively established by evidence, or clearly appear from his answer,

4. SAME: gar-
nishment:
burden of
proof: in-
struction.

and that the court should have so instructed the jury. The court did instruct that the burden of proof was upon the plaintiff to establish by a preponderance of the evidence that the garnishee was indebted to the Youngs before there could be a verdict for plaintiff, and that the burden was on plaintiff to show the amount so due, if anything. This is all that was required.

VI. Instruction 6 given by the court reads: "The garnishee has a right to have any sum or sums of money paid by him, or any property delivered by him to defendants, or

5. SAME: liabil-
ity of gar-
nishee: in-
struction.

either of them, on the purchase price of said premises prior to the time the notice of garnishment was served upon him, offset against the purchase price of said land, and he has a right to have offset against said purchase price any indebtedness, whether notes or accounts owing by defendants, or either of them, to him, at the time said notice of garnishment was served upon him; but he cannot offset against such purchase price any claim that had been previously settled or liquidated, nor can he offset against such purchase price any sum or sums of money paid or any property furnished by him to defendants, or either of them since the said notice of garnishment was served upon him." Appellant complains of the use of the words "settled or liquidated." To "settle," or "liquidate," may mean to pay. *Lynch v. Nugent,* 80 Iowa, 422; 25 Cyc. 1443. The instruction must be construed in the light of the evidence. The court meant, by the use of these words, to tell the jury that the garnishee could not offset any indebtedness

owing to him from the Youngs which had been paid. The jury could not have been misled by this.

VII. It is next contended by appellant that, where the attachment creditor seeks to hold the garnishee upon an agreement of the garnishee to pay the debt due from the principal debtor to the creditor, attachment by garnishment is not the proper remedy, but the creditor is relegated to an action upon the agreement. There was testimony by some of the witnesses, in giving a conversation, that there was talk of this kind between the Youngs and Johnson. A written contract was drawn up by Neese, but it was never signed by Young and Johnson. The transcript shows that when the witness Neese was on the stand he was asked in reference to Johnson's agreeing to pay the bank. This was objected to by counsel for the garnishee, and the court in ruling on the objection stated: ''I think this is purely a garnishee case; a controversy arising out of the garnishment, and the rights here will be limited to the amount Johnson owed Young at the time. I do not think anything will be submitted on the question of estoppel or promise to pay out of the proceeds. They will have to reach that in other proceedings. The only question that will be submitted to the jury will be the questions arising on the garnishment.'' In its instruction the court told the jury they should not consider the matter of the alleged agreement.

We find no error in the record, and the judgment is
*Affirmed.*