## McMahan v. Stewart

COMPLAINT—INDEMNITY.—The complaint avers that *McMahan* was the owner of five-tenths of a steamboat, her engines, tackle, and apparel; that *Stewart* was the owner of two-tenths of the same; that the value of the boat was $60,000, and her indebtedness amounted to $40,000; that *McMahan* sold his five-tenths to *Stewart*, subject to the indebtedness of the boat, and that *Stewart* gave to *McMahan* his four acceptances of $1,250 each therefor, and agreed to save him harmless from all payments and expenses on account of the indebtedness of the said boat; that *Stewart* had failed to indemnify him, etc. The bill of sale reads: "I, *John McMahan*, do hereby sell and convey to *George W. Stewart* five-tenths of the steamer *New Uncle Sam*, as she now is, subject to the present indebtedness of said boat," etc. Demurrer to the complaint sustained by the court below.

*Held*, that the action of the court below in sustaining the demurrer, was erroneous.

*Held*, also, that when the payment of a certain amount of liens is a part of the consideration of the sale of property, the right of the vendor, who has been compelled to pay the same, to his personal action for that amount, can not be denied.

EVIDENCE—CONSIDERATION.—Verbal evidence is admissible to show the true consideration of a written instrument.

APPEAL from the *Floyd* Circuit Court.

RAY, CH. J.—*McMahan* brought his action in the *Floyd* Circuit Court, alleging that, on the 21st day of *October*, 1859, he was the owner of five-tenths of the steamboat "*New Uncle Sam*," her engines, tackle, and apparel; that *Stewart* was the owner of two-tenths; that the total value of said boat was $60,000, and that she then owed $40,000, that is, her owners were then indebted in that sum on her account; that it was then agreed by and between said parties that said appellant should sell his five-tenths of said boat, engines, tackle, and apparel to the appellee, subject to her indebtedness, and that said appellee should give his four acceptances for $1,250 each to appellant, and should indemnify and save him harmless from all payments and expenses on account of the indebtedness of said boat; that said sale was perfected, and said acceptances given, but said appellee had failed to save appellant

harmless, and to indemnify him as agreed, but had permitted suit to be brought against said *McMahan* upon an indebtedness existing against said boat at the date of the sale, of which suit said appellee had due notice, and judgment had been obtained therein against the appellant, and payment thereof enforced. A copy of the record of the proceedings and judgment is filed with the complaint. The bill of sale is as follows:

"Know all men by these presents, that I, *John H. McMahan*, of *New Albany*, *Floyd* county, *Indiana*, do hereby sell and convey to *Geo. W. Stewart* five-tenths of the steamer *New Uncle Sam*, as she now is, plying between *St. Louis* and *New Orleans*, subject, however, to the present indebtedness of said boat; said *Stewart* to have and to hold said five-tenths of said boat, and five-tenths of her engines, tackle, and apparel, subject, however, to the present indebtedness of said boat; said *Stewart* having this day executed his four acceptances, at four, eight, twelve, and sixteen months from this date, for the sum of $1,250 each, in all $5,000, bearing interest and exchange from date, for said interest in said boat, so as aforesaid sold.

"In witness whereof, I, *John H. McMahan*, have hereunto set my hand and seal, this 21st day of *October*, A. D., 1859.
    (Signed)          "John H. McMahan." [seal.]
"Witness: *John McMahan*."

A demurrer was filed to the complaint, on the ground that the facts stated would not support the action. The demurrer was sustained, and to this ruling of the court exception was taken, and this appeal now presents for our consideration the question raised by the demurrer.

No brief has been submitted on behalf of the appellee.

The authorities cited by the appellant would seem to establish a rule of construction which would sustain the action in this case without the averment that the appellee · agreed, as a part of the consideration for the interest pur-

chased in the steamboat, to indemnify and save the vendor harmless from all payments and expenses on account of the indebtedness of said boat.

The rule announced in the case of *Burnett* v. *Lynch*, 5 Barn. & Cres. 589, has been often applied in later cases. There *Lynch* accepted an assignment of a lease, and by the terms of the assignment he was to hold, subject not only to the payment of rent, but to the performance of the covenants. *Abbott*, Ch. J., thus stated: "It is true, he entered into no express covenant or contract that he would pay the rent and perform the covenants; but he accepted the assignment subject to the performance of the covenants; and we are to consider whether any action will lie against him. If we should hold that no action will lie, this consequence will follow, that a man having taken an estate from another, subject to the payment of rent and the performance of the covenants, and having thereby induced an understanding in that other, that he would pay the rent and perform the covenants, will be allowed to cast that burden upon the other person. Reason and common sense show that that never could be intended; and if the law of *England* allowed any such consequences to follow, in that case it would cease to be a rule of reason." It was accordingly held "that the lessee might maintain an action upon the case, founded in tort against *Lynch*, for having neglected to perform the covenants during the time he continued assignee, whereby the lessee sustained damage." In *Stewart* v. *Wolveridge*, 9 Bing. 59, it was decided "that an assignee who takes from a lessee leasehold premises by indenture, indorsed on the lease 'subject to the rent reserved in the lease,' is liable in covenant to the lessee for rent which the lessee has been called on by the lessor to pay, after the assignee has assigned over."

The rule had been before stated where premises were purchased subject to a mortgage. In *Tweddel* v. *Tweddel*, 2 Bro. Ch. Cases 152, at the close of the argument, the

Lord Chancellor expressed himself to this effect: " This appears to be the common case where a man buys an equity of redemption. . . . His contract with the mortgagor is only that the debt shall not fall upon him; it is a mere contract of indemnity, and he would be bound, without any specific contract, to indemnify him as long as he can pay the money."

The case of *Goodwin and Another* v. *Gilbert and Another,* 9 Mass. 510, was one where the rule in regard to a leasehold estate was applied to a conveyance by deed. The decision is thus stated : " The principal question in this case is, whether, if one grant land to another by deed poll, with a reservation of certain duties to be performed by the grantee for the benefit of the grantor, this latter may have *assumpsit* against the grantee for his non-performance ? It has long been settled that an action lies for rent reserved upon a deed poll. The reason of the principle has a general application; and we are all satisfied that, as a general rule, where land is conveyed by deed poll, and the grantee enters under the deed, certain duties being reserved to be performed, as no action lies against the grantee on the deed, the grantor may maintain assumpsit for the non-performance of the duties reserved."

It was held, in the case of *Filch* v. *Taylor*, 13 Pick. 133, that where one received land under a devise, conditioned that he would pay whatever might become due from year to year to certain annuitants, according to the testator's contract with them, the devisee by accepting the devise became *personally* liable for the annuity.

The Supreme Court of *Connecticut* ruled, in *Townsend* v. *Ward*, 27 Conn. 610, " where land is conveyed subject to a mortgage, the amount of which is allowed to the purchaser by a deduction from the price of the land, the law implies a promise on his part to indemnify the grantor against the mortgage debt."

This rule was recognized in *Ferris and Another* v. *Crawford*, 2 Denio, 595.

The Supreme Court of *Ohio* have also considered this principle as well-established by authority. Chief-Justice *Thurman,* in rendering the opinion of that court in *Thompson, Administratrix* v. *Thompson and Another,* 3 Ohio St. Rep. 333, states it thus: "It seems to be a well-settled principle that the purchaser of an incumbered estate, if he agree to take it subject to the incumbrance, and an abatement is made in the price on that account, is bound to indemnify his grantor against the incumbrance, whether he expressly promise to do so or not; a promise to that effect being implied from the nature of the transaction. In the case before us, the agreed statement of facts is somewhat defective in not expressly showing whether there was an abatement in the price on account of the mortgage to the trust company, upon the sales from *Hamilton,* the mortgagor, to *Franklin,* and from *Franklin* to *Green;* nevertheless we think that this ought to be presumed from the admitted facts that both conveyances were subject to the mortgage, and that *Green,* in selling to *Thompson,* deducted the amount of the mortgage debt from the value of the lot, and made his conveyance expressly subject to the incumbrance."

Whatever construction, however, might be adopted of the instrument in the case now under consideration, in the absence of any averments to aid us, there can be no question in our opinion as to the liability of the appellee, under the allegations of the complaint. The fact that the incumbrances were deducted from the value of the steamboat would clearly bring the case within the full force of the authorities cited. The additional averment of an express promise to pay, as part of the consideration for the sale of the interest, would seem hardly to leave room to question the liability.

Nor can it now be insisted that the admission of parol testimony to sustain such averments would be a violation of the rule excluding the introduction of such evidence to contradict the terms of a written instrument.

This objection was held to have been well taken in the cases of *Schermerhorn* v. *Vanderheyden*, 1 John. 139, and *Maigley* v. *Hawer*, 7 *Id.* 341; but in *Shepherd* v. *Little*, 14 Johns. 210, the same court admitted such evidence, and again in the case of *Bowen* v. *Bell*, 20 Johns. 338. In *McCrea* v. *Purmont*, 16 Wend. 460, Mr. Justice *Cowen* says: "It appears to me that these cases, if they are to be followed, surrender this clause (the consideration) to the utmost latitude of inquiry, whenever that shall become material to a personal action between the parties."

The admissibility of such evidence, to show the true consideration of a written instrument, was distinctly asserted in the case of *Bingham* v. *Weiderwax*, 1 Comst. 509. These rulings in *New York* may be taken as a fair index to the current of decisions. Indeed, this court in the case of *Rockhill* v. *Spraggs*, 9 Ind. 30, have regarded the decisions as having "opened the consideration clause of a deed to the widest possible latitude of proof."

This objection to the admission of parol evidence was considered in *Murray* v. *Smith, Administrator*, 1 Duer, 412. That case was, in every essential particular, like the one now in judgment. The first count of the declaration stated, in substance, that *Smith* in his lifetime, in consideration that the plaintiff *Murray* would convey to him in fee an equal undivided half part of certain lots of ground, undertook and promised to keep the plaintiff harmless, and indemnified from all loss or damage, by reason of the one equal half part of the moneys due, and to become due, upon a certain mortgage, upon the said lots, before that time executed by the plaintiff to one *Powers;* that the plaintiff, relying on this promise, conveyed the one equal half part of said lots, subject to the one equal half part of said mortgage; that said mortgage had been foreclosed, said property sold, and the mortgage not having been satisfied, the plaintiff had been compelled to pay the balance, whereby he was damnified.

The statute of *New York* declares "that no covenant

shall be implied in any conveyance of real estate, whether such conveyance contain special covenants or not." This language occurs in the opinion: "I assume that the fair meaning of this statute is, that no obligation, covenant, or promise to do or pay any thing, shall be implied against either party to such conveyance, from the conveyance itself. If this be so, then it is obvious that the deed itself can not *per se* be sufficient evidence of any promise not expressed in it to do or pay any thing. Though this be so, I think the law must be deemed to be settled in this state, that either party is at liberty to show for any purpose, except to prevent its operating as a valid and effective grant, that its consideration was different, greater, or larger than that named in it, and not wholly, or at all, pecuniary, in a suit by the vendor against the vendee to recover the actual consideration agreed to be paid, or in a suit brought by the vendee against the vendor on the covenants of seizin, or against incumbrances. If the latter proposition be correct, then it follows that any evidence which legitimately tends to prove that the deed was executed and accepted on a promise by *Smith* to pay half of the mortgage from *Murray* to *Powers* was admissible."

The rule of construction and for admission of evidence, in cases of transfer of real estate, which has been so clearly established by authority, is peculiarly applicable to sales of personal property. The purchaser obtains possession of the property, and thus takes from the vendor the chattel charged with the payment of the debt, and he may remove it beyond the reach of the creditor, and leave the vendor liable for the payment, without recourse upon the property.

When it is once admitted that the payment of a certain amount of liens was a part of the consideration of the sale of the property, the right of the vendor, who has paid the same, to his personal action for that sum, can not be denied.

The decision of the Circuit Court in sustaining the demurrer is reversed, and all subsequent proceedings are set aside, at the costs of the appellee, and the cause is remanded for further consideration, in accordance with this opinion.

*R. & H. Crawford*, for appellant.
*Thomas L. Smith* and *M. C. Kerr*, for appellee.