Aufricht v. Northrup.

---

## AUFRICHT v. NORTHRUP.

1. **Conveyance:** COVENANT: EXCEPTIONS. The sale and conveyance of a tract of land, with covenants of general warranty, subject, however, to a prior mortgage, does not of itself, and without further showing, amount in law, to a promise by the grantee to pay off such incumbrance and discharge the mortgage debt.

| 20 | 61 |
| 86 | 347 |
| 20 | 61 |
| 94 | 582 |

*Appeal from Decatur District Court.*

MONDAY, JANUARY 29.

ON the 18th day of April, 1856, the plaintiff being the owner of the east half of the southwest quarter of section thirty-one, township seventy, range six west, executed a mortgage thereon to the school fund commissioner for Decatur county, to secure the payment of three hundred and fifty dollars, with ten per cent interest thereon, till paid. On the 22d day of January, 1857, the plaintiff sold the same land to the defendant, and executed a deed therefor, which stated the consideration to be the sum of two hundred dollars in hand paid. The deed contained covenants

of general warranty, with the following qualification, to wit: "subject, however, to a certain mortgage of three hundred and fifty dollars, dated April 18th, 1856, and given to the commissioner of the school fund of the county and State aforesaid." Afterwards, this school fund mortgage was foreclosed, and on the 25th day of May, 1863, the land was sold under the judgment of foreclosure to the State of Iowa, for the sum of two hundred and forty dollars. Thereafter the plaintiff was compelled to pay the balance of the mortgage debt, and this suit is brought to recover of the defendant the amount so paid.

The petition alleges that "the plaintiff, in consideration of the sum of two hundred dollars, paid by the defendant to plaintiff, and at the same time of a promise made by defendant to plaintiff, as in said deed and contract written, that he, the defendant, would pay the said school fund claim," &c. The defendant demurred to the petition, because it did not appear from the petition and deed (attached as an exhibit) that defendant had promised to pay the mortgage debt. This demurrer was sustained and plaintiff appeals.

*Samuel Forey* for the appellant.

*John W. Warner* and *Polk and McHenry* for the appellee.

COLE, J. — The sale and conveyance of the tract of land, with covenants of general warranty, subject, how-

1. CONVEY-ANCE: covenant: exception.

ever, to a prior mortgage, does not of itself, and without further showing, amount, in law, to a promise by the grantee to pay off such incumbrance and discharge the mortgage debt. *Johnson* v. *Monell*, 13 Iowa, 300.

If the conveyance had been not only subject to the mortgage, but to the payment of it, or to the performance

of its conditions or the like, the rule might be different. *Burnett* v. *Lynch*, 5 Barn. & Cress., 589; *Stewart* v. *Wolveridge*, 9 Bing., 60; 8 Dowl. & Ryl., 368; *Goodwin* v. *Gilbert*, 9 Mass., 510; *Felch* v. *Taylor*, 13 Pick., 133 (but see, *contra*, *Woolveridge* v. *Stewart*, 3 M. & Scott, 561, or where it appears that the amount of the incumbrance is deducted from the agreed price of the property); *Townsend* v. *Ward*, 27 Conn., 610; *Ferris* v. *Crawford*, 2 Denio, 575; *Thompson, adm'r,* v. *Thompson*, 4 Ohio, 333; *Mc-Mahon* v. *Stewart*, 23 Ind., 590.

If none of these matters, however, appear.upon the face of the deed, and there was, in fact, a promise to pay the mortgage debt in part consideration for the conveyance of the property, such promise, when properly set forth in the petition, might be made the foundation of an action. The consideration named in the deed does not preclude a party to it from showing, by parol, what the real consideration was. 1 Greenl. on Ev., § 26, and note and authorities cited, and §§ 285, 304; *Scrafford* v. *Whipple*, 3 G. Greene, 261, and authorities cited; *McMahon* v. *Stewart*, 23 Ind., 590.

But the petition in this case is based solely upon the assumed promise resulting from the written exception or limitation in the covenant of warranty, and therefore the demurrer was rightfully sustained.

Affirmed.