BRISTOL SAVINGS BANK, Appellee, v. H. J. STIGER, Appellee, and LOWRY W. GOODE et al., Appellants.

Conveyances: ASSUMPTION OF MORTGAGE BY GRANTEE: EVIDENCE. Where a conveyance of real estate recited that it was subject to a mortgage for a sum named, and that such mortgage was a part of the consideration named in the deed, and said mortgage was excepted from the warranty of title therein, and it appeared that the real consideration for said conveyance was certain lots conveyed in exchange for said property, *held,* that the grantee was the purchaser merely of the grantor's equity of redemption, and that the terms of said conveyance imposed no liability upon said grantee for the payment of said mortgage.

*Appeal from Worth District Court.*—Hon. George W. Ruddick, Judge.

Saturday, October 15, 1892.

The plaintiff, as mortgagee, brought this action in the Worth district court, to foreclose a mortgage upon certain real estate in that county, executed to the plaintiff September 20, 1886, by the defendant, H. J. Stiger, to secure the payment of one thousand, four hundred dollars, with interest. The plaintiff also asks personal judgment against the defendants H. J. Stiger, A. S. Wilcoxen and Lowry Goode. The defendant Stiger answered, admitting his liability, and the defendants Wilcoxen and Goode each answered, denying any personal liability. The decree was entered in favor of the plaintiff, foreclosing the mortgage, and rendering personal judgment against the defendants Stiger, Wilcoxen and Goode, from which judgment the defendants Wilcoxen and Goode appeal.—*Reversed.*

*C. C. & C. L. Nourse,* for appellants.

*G. R. Struble* and *L. S. Butler,* for appellee.

Given, J.—The leading issue upon this appeal is as to the personal liability of the defendants Wilcoxen and Goode. The case was submitted upon an agreed statement of facts, which shows the following: On September 20, 1886, the defendant Stiger executed the mortgage in question to the plaintiff to secure the payment of one thousand, four hundred dollars, with interest. On November 11, 1887, Stiger entered into a written contract with Wilcoxen for the exchange of the mortgaged property for certain real estate in Deuel county, Dakota. That agreement recites that Stiger has sold to Wilcoxen the land in Worth county, "and agrees to convey by warranty deed, with abstract of

good title to date hereof, except the certain loan mortgage thereon of one thousand, four hundred dollars, with interest thereon at six per cent. from date thereof." In consideration of this, Wilcoxen was to convey the property in Dakota "by warranty deed, and abstract of good title to date." No price is fixed on either of the properties in the agreement. On the same day—November 11, 1887—Stiger and wife executed and delivered to Wilcoxen a deed for the Worth county property, wherein the consideration is stated to be "the sum of three thousand and four hundred dollars, in hand paid by A. S. Wilcoxen." Next after the description of the land is the following: "Subject to a loan mortgage of one thousand, four hundred dollars, which is a part of above-named consideration." The covenant of warranty contains these words: "They are free and clear of all liens and incumbrances whatsoever, except as above stated," and warrants "against the lawful claims of all persons whomsoever, except as above stated." Wilcoxen at the same time executed to Stiger a deed for the property in Dakota. The said written contract and deeds constitute all of the agreement or transaction between Stiger and Wilcoxen relative to said properties. On the sixteenth day of January, 1888, Wilcoxen conveyed said mortgaged property to the defendant Goode, "in settlement of their partnership affairs," by a deed containing the same language as that herein quoted from the deed of Stiger to Wilcoxen. This deed recites that it was "in consideration of the sum of three thousand dollars, in hand paid by Lowry W. Goode." The agreed statement of facts shows that it was expressly agreed between Wilcoxen and Goode that Goode should not assume the payment of the plaintiff's mortgage, but should take the property subject thereto. On December 18, 1888, Goode conveyed said Worth county property to L. M. Mann under an agreement that Mann should not assume the payment.

of the plaintiff's mortgage.  Mann held the legal title. to, and was in possession of, the land at the commencement of this action.  As no personal judgment is asked against Mann, the conveyance to him need not be farther noticed.  The defendant Goode paid the interest due upon the plaintiff's note.and mortgage September 20, 1888.  The plaintiff's mortgage and all of said deeds were duly filed for record and recorded soon after their respective dates.

We first inquire as to the liability of Wilcoxen. As the contracts and deeds between him and Stiger "constitute all of the .agreement or transaction" between them, we are to look to those instruments alone.  The appellee contends that they show that the amount of the mortgage debt was deducted from the purchase price of the mortgaged land, and cites authorities holding that in such case the purchaser becomes personally liable for the mortgage debt.  Other authorities are cited to the effect that the purchase of real property subject to a mortgage "raises upon the conscience of the grantee an implied promise to discharge the mortgage debt."  Such is not the rule in Iowa.  In *Aufricht v. Northrup*, 20 Iowa, 61, it is said: "The sale and conveyance of a tract of land without covenants of general warranty, subject, however, to a prior mortgage, does not itself, and without further showing, amount in law to a promise by the grantee to pay such incumbrance and discharge the mortgage debt."

The appellants contend that the only instances in which a grantee has been held liable to discharge the mortgage debt is where there is an absolute express promise on his part, as where the recitals in the deed, or an oral or written promise made at the time of the sale, shows such agreement, or "where there is a fixed consideration to be paid by the grantee, and he has by agreement retained the amount of the mortgage debt

for the purpose of discharging it." The authority cited, as well as others which we have examined, are in harmony in holding that where the purchase is subject to a mortgage, and the amount of the mortgage has been retained by the purchaser out of the purchase price, he will be held to have assumed the payment of the mortgage, and is liable in an action to the mortgage, under the familiar rule that, "where a person makes a promise to another for the benefit of a third person, such third person may maintain an action thereon." As bearing upon these questions, see 1 Jones on Mortgages, sections 750, 751, and cases there cited; *Tichenor v. Dodd*, 4 N. J. Eq. 455; *Thayer v. Torrey*, 37 N. J. Law, 344; *Thompson v. Thompson*, 4 Ohio St. 333; *Townsend v. Ward*, 27 Conn. 610; *Wood v. Smith*, 51 Iowa, 161.

We next inquire whether it appears from these instruments that the appellant Wilcoxen did retain the amount of the plaintiff's mortgage from the purchase price of the Worth county land. By the written agreement Stiger sold to Wilcoxen that land, and agreed to convey it "by warranty deed, with abstract of good title to date hereof, except the certain loan mortgage thereon of one thousand, four hundred dollars with interest thereon at six per cent. from date thereof." It further shows that in consideration thereof Wilcoxen sold and agreed to convey to Stiger certain twenty-nine lots in Wilcoxen's addition to the town of Clear Lake, Dakota, "by warranty deed, and abstract of good title to date hereof." There is certainly nothing in this writing from which it can be found, even by inference, that Wilcoxen assumed the mortgage debt. By this agreement Wilcoxen was to take the mortgaged land subject to the mortgage, and give in exchange therefor the lots in Dakota; in other words, he gave the lots in Dakota for Stiger's equity in the land. The agreed statement of facts shows that

the deed from Stiger to Wilcoxen was executed in
pursuance of this written contract. The deed recites
the consideration to be "three thousand and four
hundred dollars, in hand paid by A. S. Wilcoxen." It
is apparent from the written agreement that the real
consideration was the Dakota lots. That we may
inquire what was the real consideration, see *Aufricht v.
Northrup*, 20 Iowa, 61; *Lewis v. Day*, 53 Iowa, 576. Fol-
lowing the description of the land in the deed are these
words: "Subject to a loan mortgage of one thousand,
four hundred dollars, which is a part of above-named
consideration." Following the covenant of warranty
are the words, "except as above stated." The appellee
contends that the language quoted shows that the
amount of the mortgage was retained from the con-
sideration moving from Wilcoxen to Stiger.

In *Tichenor v. Dodd*, 4 N. J. Eq. 455, the recital in
the deed was: "Subject to the payment of a certain mort-
gage thereon,   *   *   *   which said mortgage, or the
amount thereof, is computed as so much of the consid-
eration to be paid;" and the court held the grantee
liable for the mortgage. This language is different and
more definite than that in the deed under considera-
tion, and it does not appear that the consideration in
that case was an exchange of properties. In *Fiske v.
Tolman*, 124 Mass. 254, the language of the deed was:
"Subject, however, to a mortgage held by the *Lowell
Five Cent Savings Bank* of seven thousand dollars,
which is a part of the above-named consideration."
The court says: "A promise to pay the mortgage debt
cannot be inferred from the acceptance of the deed, on
the ground that the clause contains this reference to
the consideration. Taken by themselves, the words do
not necessarily imply any obligation to be performed
by the grantee. They are to be considered rather as
additional words of recital or description, showing
that the whole amount of the consideration was not

paid or intended to be paid, but that the grantee had purchased only an equity of redemption." In *Belmont v. Coman*, 22 N. Y. 438, the question was whether the grantee had obligated himself to pay the mortgages by accepting a deed containing the following recital: The consideration recited was twelve thousand dollars, "subject, nevertheless, to the sum of four thousand, two hundred and fifty dollars on each of said houses [describing them], which said mortgage, amounting in the aggregate to the sum of eight thousand, five hundred dollars, has been estimated as a part of the consideration money of this conveyance, and has been deducted therefrom." In that case the court says: "The cases all agree that the purchaser of a mere equity of redemption, without any words in the grant importing that he assumes the payment of the mortgage, does not bind himself personally to pay the debt. If the language had stopped with declaring the subjection of the land to the lien of the mortgages, it would have been the ordinary case of the purchase of a mere equity of redemption. According to all the cases, the land would have been the primary fund for the payment of the mortgage, yet without any other liability on the part of the grantee. But the other words, it seems to me, import nothing additional or different; on the contrary, they appear to be used for greater caution. They declare that the amount of the mortgages has been deducted from the consideration which had been previously set forth. The apparent meaning of this is, that so much of the purchase money as the mortgages amount to, being deducted, is not to be paid, except as it is charged upon the premises." In *Hubbard v. Ensign*, 46 Conn. 576, the consideration stated was twenty-six thousand dollars, and the covenant that the property was free of all incumbrances, "except the above-written mortgages of fifteen thousand dollars, which are a part consideration of this

deed." The court held, upon the deed and parol proofs, that the grantee was not bound to pay the mortgage debt. We have not been referred to, nor have we been able to find, any case wherein recitals in the deed similar to that before us, executed in pursuance of a contract for the exchange of properties, has been held to bind the grantee to pay the mortgage debt. We are clearly of the opinion that this deed, construed in the light of its real consideration, does not warant a finding, by inference of otherwise, that the appellant Wilcoxen assumed or agreed to be personally liable for the mortgage debt of Stiger to the plaintiff.

II. It appears by the agreed statement of facts that the appellant Goode received the deed of Wilcoxen upon an express oral agreement that he (Goode) was not to be liable for this mortgage debt. Question is made as to the admissibility of such fact, but, as the language of the deed from Wilcoxen to Goode is the same as the deed of Stiger to Wilcoxen, except as to the amount of consideration, the same rules of law apply, and it follows from what we have said that the appellant Goode is not personally liable to the plaintiff.

III. None of the defendants were residents of Worth county when this action was begun, and the appellants moved to transfer the case to the district court of Polk county, of which county they were residents, which motions were overruled. As the view already announced fully disposes of the case as presented on this appeal favorably to the appellants, we need not determine whether or not the court erred in overruling their motions to transfer the case. Our conclusion is that the decree of the district court, in so far as it finds against the appellants personally and renders personal judgment against them, must be REVERSED.

KINNE, J., took no part in this case.