M. C. HOLCOMB v. ENOCH F. THOMPSON *et al.*

DEED—*Assumption of Mortgage Debt—Personal Liability.* To create a personal liability on the part of a grantee in a deed to pay a prior mortgage or lien on the premises conveyed, the covenant or words used therein must clearly import that the obligation was intended by the grantor, and knowingly assumed by the grantee. Where a grantee of land takes the same subject to a certain mortgage, he does not thereby assume any personal liability, but simply takes the land charged with the payment of the mortgage debt.

*Error from Barber District Court.*

ACTION by *Holcomb* against *Thompson* and wife, to recover the amount of a certain mortgage note which plaintiff alleged that defendants had assumed the payment of. Judgment for defendants. The plaintiff brings the case here. At the session of the court in January, 1893, it was decided, and there was filed herein an opinion, (syllabus and opinion by STRANG, C.,) recommending a reversal of the judgment of the trial court. By the court, it was so ordered—all the justices concurring. The syllabus therein formulated and declared to be the law is as follows:

"1. Record examined, and *held,* that the case is properly here for review.

"2. Record further examined, and also *held*, that the petition states a cause of action."

The defendants in error in due time filed a motion for a rehearing. On May 6, 1893, the court sustained the motion, and filed herein a new syllabus, *supra*, and the opinion, *infra*.

*G. M. Martin*, for plaintiff in error:

The contract declared upon in the petition was in writing, and the answer was a general denial, unverified; hence, when the plaintiff alleged that the defendant had assumed and agreed to pay the note, the allegation was equivalent to the statement that he had executed a written promise to pay, and must have been taken as true, unless the answer thereto denied the same under oath. Civil Code, § 108; *Walker v. Fleming*, 37 Kas. 172; *Rogers v. Coates*, 38 id. 232; *Stevens v. Thompson*, 5 id. 305; *St. L. Ft. S. & W. Rld. Co. v. Grove*, 39 id. 731; *Case v. Edson*, 40 id. 161; *Cole v. Hoeburg*, 36 id. 268.

The last case above cited only shows what allegations will be taken as true on a failure to answer, or on default, but the other cases show that a general denial, not sworn to, where the controversy is over a written instrument, does not raise an issue.

*Edwards & Noble*, and *I. O. Pickering*, for defendants in error:

It will be seen that the plaintiff declares alone on the written contract in the deed. There is no allegation of a parol contract or agreement on the part of Thompson to assume and pay the mortgage, or that said mortgage was any part of the purchase money; hence his liability was to be determined by the terms of the written contract. The plaintiff, by his pleading, excluded any oral testimony; he states the covenant of assumption was in writing, "in words and figures following," then quotes the alleged covenant, and follows it up by the further allegation, "that by reason of said covenant and agreement [not by reason of that and some other

parol agreement] the said Enoch F. Thompson became and is liable," etc. Plaintiff can hardly refuse to be bound by the terms of his own pleading. *Losch v. Pickett*, 36 Kas. 216. See, also, *Drake v. National Bank*, 33 id. 634.

To create a personal liability on the part of the grantee in such cases, the words used in the deed must clearly import that the obligation was intended by the one party, and knowingly assumed by the other. 15 Am. & Eng. Encyc. of Law, p. 832, and authorities cited in note 1; *Lewis v. Day*, 53 Iowa, 575; *Patton v. Adkins*, 42 Ark. 197.

The deed must "in terms" provide that the grantee assumes the incumbrance; otherwise there is no personal liability. *Schmucker v. Sibert*, 18 Kas. 104, syl. subdiv. 6.

The opinion of the court was delivered by

HORTON, C. J.: Our attention has again been called, in a motion for a rehearing, to the contents of the record in this case, and a careful examination of the same convinces us that the opinion heretofore handed down by STRANG, C., does not declare the law upon the written covenant in the deed referred to. The name of the party who was to assume the payment of the Holcomb mortgage is omitted. It is attempted to make Thompson liable to pay $2,000, with interest thereon, on account of the written covenant in a deed of the 22d of April, 1887, executed to him by Money G. Miller and wife. The covenant reads as follows: "Excepting note for $2,000, dated April 21, 1887, to M. C. Holcomb, with 8 per cent. interest from date, and with said mortgage for $2,000 the said ———— assumes and ———— agrees to pay." To create a personal liability for the payment of any prior mortgage or lien on the part of a grantee in a deed, the covenant or words used therein must clearly import that the mortgage or lien was intended to be stated by the one party, and knowingly assumed by the other party. In brief, to create a personal liability, the deed must in terms provide that the grantee assumes the mortgage or lien; otherwise, there is no personal liability. (15 Am. & Eng. Encyc. of Law, p. 832, and au-

thorities cited in note 1; *Lewis v. Day*, 53 Iowa, 575; *Patton v. Adkins*, 42 Ark. 197; *Schmucker v. Sibert*, 18 Kas. 104.)

The plaintiff below declared alone upon the written covenant or contract in the deed. There is no allegation of a parol contract or agreement on the part of Thompson to assume and pay the mortgage, or that the mortgage was any part of the purchase money. Hence, his liability is to be determined by the terms of the written covenant or contract. The plaintiff states the covenant of assumption was in writing, "in words and figures following," then quotes the alleged covenant, and follows it up by the further allegation, "that by reason of said covenant and agreement [not by reason of that and some other parol agreement] the said Enoch F. Thompson became and is liable." The plaintiff does not allege that the parties to the deed made any mistake, mutual or otherwise, or that they intended to insert any other or different covenant than the one actually set out in the deed, to make it conform to some other agreement or understanding of the parties. Thompson's name is not mentioned or referred to in said covenant or contract. We might assume from the covenant, as it appears in the deed, that Miller's name ought to have been inserted in the blank which is left in the covenant as well as to assume that Thompson's name should have been written therein. The deed reads that the consideration thereof was $4,000, duly paid to the parties of the first part; that is, Money G. Miller and wife. There is no statement or recitation in the deed that Thompson was to pay an additional sum of $2,000. It is true that, in a deed from Thompson and wife to John J. Hoss, of October 29, 1887, Hoss assumed and agreed to pay Holcomb his mortgage of $2,000, with interest. But this is no assumption or promise by Thompson. We therefore think that it is not shown by the deed of April 22, 1887, that Thompson assumed, agreed, or in any way promised to pay, the mortgage to Holcomb of $2,000, or any part thereof.

The judgment heretofore rendered in this court upon the

opinion of STRANG, C., will be vacated, and the judgment of the district court will be affirmed.

All the Justices concurring.