## C. A. HOPPER v. C. S. CALHOUN.

1. MORTGAGE — *Assumption of Payment by Grantee.* To create a personal liability on the part of a grantee in a deed to pay a prior mortgage on the lands conveyed, where there is no evidence to explain the language used, or showing a mistake, the words used must clearly import that the grantee assumes such payment; and *held,* that the words, "except a mortgage of $2,170, and one interest mortgage of $195, both mortgages given to C. S. Calhoun, which mortgages of said second party accept and agree to pay," wholly unexplained by other evidence, are not sufficient to show an assumption of the mortgages referred to by the grantee named in the deed.

2. ———— *Evidence.* The assumption of such mortgages may be shown by competent evidence outside of the deed.

*Error from Pratt District Court.*

ACTION by *Calhoun* against *Hopper* and others to foreclose a mortgage. Judgment for the plaintiff at the January term, 1890. The defendant *Hopper* brings the case to this court. The opinion herein, filed February 9, 1894, states the material facts.

*Apt & Crawford,* for plaintiff in error.

*Carskadon & Thompson,* for defendant in error.

The opinion of the court was delivered by

ALLEN, J.:  C. S. Calhoun, as plaintiff, brought an action in the district court of Pratt county to foreclose a mortgage executed by F. M. Rea and wife for $2,170, and to obtain a personal judgment against C. A. Hopper, plaintiff in error, for the amount of said mortgage and interest, which the plaintiff alleged that Hopper assumed and agreed to pay.  Rea and wife conveyed the mortgaged property to Marion Wilson. Wilson and wife conveyed to Hopper by warranty deed.  In this deed, following the covenant against incumbrances, are these words: "Except a mortgage of $2,170, and one interest mortgage of $195, both mortgages given to C. S. Calhoun, which mortgages of said second party accept and agree to pay."  The defendant Hopper answered, denying that he had assumed payment of the mortgage.  At the trial, the plaintiff sought to prove by the notary public who had taken the acknowledgment of the deed what conversation took place between Wilson and Hopper in regard to the insertion of the clause pertaining to the mortgage.  This evidence was excluded by the court, evidently because the court regarded it as unnecessary.  The defendant Hopper interposed a demurrer to the plaintiff's testimony, which was overruled; and, no further proof being introduced, judgment was rendered in favor of plaintiff against Hopper for the amount of the mortgage and interest, and also foreclosing the mortgage against the other defendants.

While various matters are discussed in the briefs, the only one we deem it necessary to consider is, whether the deed which was introduced in evidence, without any explanation or showing as to the facts surrounding the transaction, and without any proof of a mistake on the part of the scrivener in writing this clause in the deed, contains such an assumption of the debt as will authorize the court to enter judgment on

it against the grantee in favor of the holder of the mortgage. In the case of *Holcomb v. Thompson,* 50 Kas. 598, it was held that

"To create a personal liability on the part of a grantee in a deed to pay a prior mortgage or lien on the premises conveyed, the covenant or words used therein must clearly import that the obligation was intended by the grantor, and knowingly assumed by the grantee. Where a grantee of land takes the same subject to a certain mortgage, he does not thereby assume any personal liability, but simply takes the land charged with the payment of the mortgage debt."

In that case, the words which it was claimed amounted to an assumption by the grantee were "excepting note for $2,000, dated April 21, 1887, to M. C. Holcomb, with 8 per cent. interest from date, and with said mortgage for $2,000 the said . . . assumes and . . . agrees to pay." Can we say that the language of the deed now under consideration imports clearly an assumption by the grantee of the mortgage debt? The language used certainly is not clear. In order to make it an assumption by the grantee, we must strike out the word "of," and make the word "party" the subject of the verbs "accept and agree" instead of the object of the preposition "of," as they appear to be from the reading of the deed. Under the rule declared in *Holcomb v. Thompson,* supra, we do not feel at liberty to make, by interpretation merely, such a radical change in the language of the deed. It was competent for the parties to show by oral testimony the facts surrounding the transaction, and, under proper pleadings, to prove that the insertion of the word "of" was a mistake of the scrivener, or to show by any competent evidence the real agreement of the parties. The assumption of the payment of the mortgage on the land conveyed need not necessarily be in writing. (Jones, Mort., § 750.)

We think the court erred in excluding the testimony of the notary public. We cannot, however, in aid of the judgment rendered by the court, assume that the testimony offered would have upheld the judgment. (*Schmucker v. Sibert,* 18

45—52 KAS.

Kas. 104.)   We think the deed, unexplained, fails to show a clear assumption of the mortgage debt by the grantee.   As this compels a reversal of the judgment, we deem it unnecessary to specially consider the other errors alleged, but perceive no other substantial error.

The judgment is reversed, and a new trial ordered.

All the Justices concurring.