### BALLARD v. FOUNTAIN BROS.[*]
#### (No. 7131.)

(Court of Civil Appeals of Texas. Galveston. Feb. 28, 1916. Rehearing Denied March 23, 1916.)

1. EVIDENCE ⬤⟹419(2)—DEEDS—VARYING BY PAROL.

Where a deed recited that the grantee bought "subject" to the grantor's indebtedness to the original vendor of the land, evidenced by six notes, the grantor's parol evidence, in the original vendor's suit against both parties, that the grantee agreed to pay the indebtedness when buying the land, was not inadmissible as tending to vary the terms of the deed.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1912; Dec. Dig. ⬤⟹419(2).]

2. EVIDENCE ⬤⟹419(2) — DEEDS—CONSIDERATION—SHOWING BY PAROL EVIDENCE.

Oral testimony is admissible to explain or add to the consideration recited in a deed.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1912; Dec. Dig. ⬤⟹419(2).]

Appeal from District Court, Brazos County; J. C. Scott, Judge.

Suit by Fountain Brothers against G. S. Ballard and others. From a judgment for plaintiffs, the named defendant appeals. Affirmed.

Bebout & Penland and R. O. Stotter, all of Waco, for appellant. J. G. Minkert, of Bryan, for appellees.

LANE, J. On the 27th day of March, 1914, Fountain Bros. conveyed to J. W. Wiley certain city lots in Bryan, Tex., and in part payment therefor Wiley executed his six promissory notes, the first for $250 and the other five for $500 each. All of said notes were secured by retention of the vendor's lien on

said lots. Thereafter J. W. Wiley and wife by deed conveyed said lots to appellant G. S. Ballard. Said deed contains the following:

"For and in consideration of the sum of six thousand dollars, to us paid, and secured to be paid by G. S. Ballard, as follows: $3,250.00 cash in hand paid, the receipt of which is hereby acknowledged, in exchange of property, said Ballard buying subject to an indebtedness of $2,750.00 evidenced by six notes made by said Wiley, payable to Fountain Bros., at Bryan, Texas, the first for $250.00, and the other five for $500.00 each, * * * bearing 8 per cent. per annum interest, and providing for 10 per cent. attorney's fees, etc."

Fountain Bros. brought this suit in the district court of Brazos county against J. W. Wiley and G. S. Ballard to recover on said notes; against Wiley as maker, and against Ballard on an alleged promise to pay said notes as part consideration for said lots, and for a foreclosure of their vendor's lien. Other parties were made defendants who need not be mentioned for the purpose of this opinion. Plaintiff alleges that as part of the consideration of said lots G. S. Ballard undertook and agreed to pay off said notes. Defendant answered admitting that he purchased said lots from J. W. Wiley, and says that he bought same subject to said notes and lien of Fountain Bros., but specially denies that he agreed to pay off said notes as alleged by plaintiff, or otherwise assumed their payment. J. W. Wiley was the only witness who testified as to the consideration set out in the deed he gave Ballard. He testified that at the time the deed was executed and delivered it was the understanding between himself and Ballard that Ballard would pay off the six notes mentioned in said deed; that these notes, together with the $3,250, estimated value of the property of Ballard's taken in exchange, made the $6,000 expressed in the deed as the total consideration for the lots sold by Wiley to Ballard; that it was agreed that Ballard was to convey to him (Wiley) the land of Ballard valued at $3,250 and to take the indebtedness of $2,750 due Fountain Bros., making $6,000; that the lots were bought by Ballard with the understanding that he was to take care of the $2,750 evidenced by said notes. He further testified that at the time he made the deed to Ballard there was no discussion between him and Ballard about the recital in the deed that Ballard was to buy subject to the said $2,750, except that Ballard was to take care of such indebtedness. The case was tried before the court without a jury, and upon the pleadings and evidence the trial court rendered judgment for Fountain Bros. against J. W. Wiley and G. S. Ballard, appellant, for the $3,290.40, principal, interest, and attorney's fees, and for a foreclosure of their vendor's lien on the lots sold by them to Wiley. The judgment directed that said lots be sold and the proceeds be applied to the payment of said judgment, and that if said proceeds were insufficient to pay said judgment, and J. W. Wiley paid any balance due thereon, then and in that event he (Wiley) should have execution against Ballard for the collection of such amount as may be paid by him. From this judgment, G. S. Ballard has appealed.

[1, 2] The contention of appellant is that the deed, by which J. W. Wiley conveyed to him the lots in question, recites that he bought "subject" to the indebtedness evidenced by the six notes of Fountain Bros., and not that he assumed to pay said indebtedness, and that the court erred in permitting J. W. Wiley, his vendor, to testify to alleged verbal agreements between him and Wiley at the time of the execution of said deed, which in effect varies the terms of the written deed and which constitutes the entire and complete agreement between the parties relative to the consideration to be paid by Ballard for the lots.

We cannot agree with appellant in such contention. The clause of the deed relative to the consideration to be paid by Ballard recites that such consideration is the sum of $6,000, $3,250 of which was to be and in fact was paid by a conveyance by Ballard of certain property to Wiley, and $2,750 was to be paid by Ballard to Fountain Bros. in discharge of six notes executed and delivered by Wiley to Fountain Bros. in part payment for the lots in question. The expression, "buys subject to said six notes," in the latter part of the clause reciting the consideration, does not have the legal effect sought to be given it by appellant, Ballard. We do not think the testimony of the witness Wiley, complained of, tends to vary the terms of the deed, but it is consistent therewith. But if we were to give the clause of the deed mentioned the meaning contended for by appellant, still we could not give it the legal effect contended for by him. It has been uniformly held by the courts of this state that the recited consideration in a deed may be explained or even added to by oral testimony, so as to show the true consideration. Bristol Bank v. Stiger, 86 Iowa, 344, 53 N. W. 265; Jones on Mort. § 740; Taylor v. Merrill, 64 Tex. 494; Hill v. Hoeldtke, 104 Tex. 594, 142 S. W. 871, 40 L. R. A. (N. S.) 672.

We conclude that the court did not err in admitting the testimony of the witness Wiley, and hence overrule appellant's contention.

The evidence was amply sufficient to support the judgment, and, finding no error in the trial of the cause, the judgment of the trial court is in all things affirmed.

Affirmed.