GEORGE v. BLUMBERG et al.  (No. 6194.)

(Court of Civil Appeals of Texas.  San Antonio. April 2, 1919.  Rehearing Denied April 30, 1919.)

1. MORTGAGES ⬅═278, 282(2)—CONVEYANCE—ASSUMPTION OF DEBT.

Where land is conveyed in term subject to a mortgage or other lien, the grantee does not by accepting the deed become liable personally for the debt, but where the language indicates that the consideration, or part of it, is the assumption of a debt due on the land, the grantee is personally liable.

2. VENDOR AND PURCHASER ⬅═265(3)—CONVEYANCE OF LAND—ASSUMPTION OF DEBT—RECITALS OF DEED.

Recitals of deed conveying land subject to a vendor's lien in consideration of a payment of $10, and the transfer of the indebtedness of a third person to the grantee, held not to show an assumption by the grantee of the debt secured by the vendor's lien.

Error from District Court, Comal County.

Suit by F. G. Blumberg against T. E. George and others.  Judgment for plaintiff, and defendant George brings error.  Judgment, in so far as granting recovery against defendant George personally, reversed and remanded; otherwise affirmed.

Alex C. Bullitt, of San Antonio, for plaintiff in error.

Henne & Fuchs, of New Braunfels, for defendants in error.

FLY, C. J.  This is a suit on a promissory note and to foreclose a vendor's lien on certain lots of land in the city of San Antonio, instituted by F. G. Blumberg against W. R. Posey, T. E. George, J. R. Fraim, Roger Killough, S. T. Cooper, J. H. Robertson, and L. W. Wilson; the allegations showing that Peter Nowotny sold W. R. Posey certain lots in San Antonio, the deed being executed to T. M. West in trust for Posey, and the latter executed to Nowotny his promissory note for $1,783.50, and a vendor's lien was retained to secure the same.  The land was transferred from West to George, subject to the indebtedness shown by the note.  It was then sold to the different parties named herein as defendants.  Judgment was rendered in different sums against each of the parties sued; no one being dissatisfied with the judgment except T. E. George, who has prosecuted this writ of error as against F. G. Blumberg and W. R. Posey.  The judgment from which the writ of error is prosecuted is in favor of Blumberg for $2,415.03 as against Posey and George, and in favor of Posey as against George, Fraim and Killough.

The evidence showed that Posey executed the note sued on to Nowotny, and a vendor's lien was reserved on land conveyed by Nowotny to Posey to secure payment of the note, and the note came regularly into the possession and ownership of Blumberg.  The land was afterwards sold by Posey to George.

In the deed from West, trustee for Posey, to George it was recited that the property was conveyed "subject to an indebtedness of $1,783.50 due to Peter Nowotny at New Braunfels, Tex., on or before the 8th day of September, A. D. 1915, and all other stipulations in a certain deed from Peter Nowotny, Jr., to T. M. West, which deed is recorded in volume 424, pages 575, 576, of Bexar County Deed Records."

This writ of error is prosecuted on the theory that, while the land is subject to the vendor's lien, T. E. George is not liable personally, because he did not in terms bind himself to pay off and discharge the note, but merely accepted a deed to the land subject to the payment of the note.

[1] The rule is that, where land is conveyed in terms subject to a mortgage or other lien, the grantee does not, by accepting the deed, become liable personally for the debt, but where the language indicates that the consideration, or a part of it, is the assumption of a debt due on the land, the grantee is liable personally for the debt. Jones on Mortgages, §§ 738–740; Savings & Loan Association v. Attebery, 16 Tex. Civ. App. 222, 42 S. W. 569.

In the Texas case last cited the deed recited a cash consideration of $200, followed by the recital, "subject * * * to all valid and legal mortgages and liens on record in Hunt county, Tex.," and it was held that, when there is an assumption of the lien debt, by the purchaser and an agreement to pay it, or where the lien debt constitutes a part of the purchase price and money is held back to pay it, the purchaser is personally liable for the debt.  However, when the purchase is expressly made subject to the lien, the purchaser will not be personally liable, but cannot dispute the validity of the lien.  The distinction is thus drawn in Hancock v. Fleming, 103 Ind. 533, 3 N. E. 254:

"The difference between the purchaser's assuming the payment of the mortgage and simply buying subject to the mortgage is simply that in the one case he makes himself personally liable for the payment of the debt, and in the other case he does not assume such liability."

The rule is thus expressed in Pomeroy's Equity Jurisprudence, § 1206:

"The mortgagor may not only convey the premises 'subject to' the mortgage; he may also convey them in such manner that the grantee assumes the payment of the mortgage debt, and

thus renders himself liable therefor. The element which lies at the bottom of such assumption, and which alone gives it efficacy according to the theory held by some courts, is the fact that the mortgage debt is included in the purchase price as a constituent part thereof, and the grantee actually pays or secures to his grantor only the balance of the gross price after deducting such debt. No particular form of words is necessary to create a binding assumption; it is sufficient that the language shows unequivocally an intent on the part of the grantee to assume the liability of paying the mortgage debt, but this interest must clearly appear. When the deed executed by the grantor contains a clause sufficiently showing such an intent, the acceptance thereof by the grantee consummates the assumption, and creates a personal liability on his part, which inures to the benefit of the mortgagee as though he had himself executed the deed."

The quotation states clearly and succinctly the law applicable to such cases, and the only question in this case is: Under which head does the testimony bring it?

[2] The evidence, as it appears in the statement of facts, is very meager on the question of assumption of the vendor's lien debt by George. The deed to George from West is not clear in its terms. We quote it:

"That I, T. M. West, of the county of Bexar, state of Texas, for and in consideration of the sum of ten ($10.00) dollars to me paid and secured to be paid by T. E. George as follows: Ten ($10.00) dollars cash in hand paid and the transferring to me the grantor herein the indebtedness of W. R. Posey to the said T. E. George, and the taking of the hereinafter described property subject to an indebtedness of $1,783.50 due to Peter Nowotny at New Braunfels, Tex., on or before the 8th day of September A. D. 1915, and all other stipulations in a certain deed from Peter Nowotny, Jr., to T. M. West, which deed is recorded in Volume 424, pages 575, 576, of Bexar County Deed Records. The indebtedness of W. R. Posey above mentioned is to be transferred by T. E. George without recourse on him, either in law or equity—have granted, sold and conveyed, and by these presents do grant sell and convey unto the said T. E. George. To have and to hold the above premises, together with all and singular the rights and appurtenances thereto in any wise belonging, unto the said T. E. George and his heirs and assigns forever, and I do hereby bind myself and my heirs, executors, and administrators to warrant and forever defend all and singular the said premises unto the said T. E. George, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof. But it is expressly agreed and stipulated that the vendor's lien is retained against the above-described property, premises, and improvements until the above-described note, and all interest thereon, are fully paid according to its face and tenor, effect and reading, when this deed shall become absolute."

It can be gained from the recitals in the deed that the consideration was $10 in cash,

the transfer of a debt due by Posey, the real grantor, to George, the grantee, and the subjection of the property conveyed to an indebtedness to Nowotny, the original vendor, of $1,783.50 and subject to all other stipulations in the deed from Nowotny to Posey. There is nothing in the deed tending to show that T. E. George assumed payment of the debt. The deed shows nothing except that the land was still subject to the vendor's lien, and the authorities are decidedly opposed to a holding that the grantee would be liable personally.

In the case of Shepherd v. May, 115 U. S. 505, 6 Sup. Ct. 119, 29 L. Ed. 456, the deed was made "subject to a certain deed of trust * * * for the sum of ten thousand dollars," and the court held, quoting from Elliott v. Sackett, 108 U. S. 132, 2 Sup. Ct. 375, 27 L. Ed. 678

"An agreement merely to take land, subject to a specified incumbrance, is not an agreement to assume and pay the incumbrance. The grantee of an equity of redemption, without words in the grant importing in some form that he assumes the payment, * * * does not bind himself personally to pay the debt. There must be words importing that he will pay the debt, to make him personally liable."

So in the case of Fiske v. Tolman, 124 Mass. 254, 26 Am. Rep. 659, it was held:

"It is settled in this commonwealth that, where land is conveyed in terms subject to a mortgage, the grantee does not undertake, or become bound by the mere acceptance of the deed, to pay the mortgage debt. In the absence of other evidence, the deed shows that he merely purchased the equity of redemption. * * * He is, indeed, interested in its payment, because it is an incumbrance on the land of which he is the owner; but he has entered into no obligation, express or implied, to pay it, and if he parts with his title he no longer has any interest in its payment."

In that case the deed recited, "subject, however, * * * held by * * * for $7,000, which is part of the above-named consideration."

In the case of Holcomb v. Thompson, 50 Kan. 598, 32 Pac. 1091, the recitals of the deed as to the existence of the debt were more explicit than in this case, and the court held:

"To create a personal liability for the payment of any prior mortgage or lien on the part of a grantee in a deed, the covenant or words used therein must clearly import that the mortgage or lien was intended to be stated by the one party, and knowingly assumed by the other party. In brief, to create a personal liability, the deed must, in terms, provide that the grantee assumes the mortgage or lien; otherwise there is no personal liability."

In the case of Belmont v. Coman, 22 N. Y. 438, 78 Am. Dec. 213, the defendant had accepted a deed reciting a consideration of $12,000, with full covenants, "subject, nevertheless, to the sum of $4,250 of mortgage on each of said houses, which said mortgages, amounting in the aggregate to the sum of $8,500, has been estimated as part of the consideration money of this conveyance, and has been deducted therefrom," and the Court of Appeals of New York held that the grantee was not personally liable.

It was not pleaded or proved that plaintiff in error had made any oral agreement to pay the note given by Posey to Nowotny, and none of the circumstances surrounding the transaction was proved, but reliance was had upon the recitals of the deed alone. Those recitals fail to show an assumption of the debt by George. The recitations show that $10 in cash was paid; that a note owed by Posey to George was in effect canceled, as it was delivered by the payee to the payor, without recourse on the payee. The only amount in the deed that was "secured to be paid" was the $10. The deed on its face clearly shows that, in consideration of a cancellation of Posey's note and the payment of $10, the land, "subject to an indebtedness of $1,783.50," was conveyed to George, or, in other words, he obtained a mere equity of redemption for his $10 and his note against Posey.

The cases of Fisher v. Hemming (Tex. Civ. App.) 164 S. W. 913, and Ballard v. Fountain (Tex. Civ. App.) 184 S. W. 289, cited by defendants in error, do not sustain their contention. In the first-named case the recitals in the deed showed a clear assumption of the indebtedness on the land, and the recitals in the deed in the last-named were supplemented and fortified by oral testimony tending to show an assumption of the debt by the grantee. The facts in neither of the cases fit the facts in this case.

Plaintiff only asks that the judgment be reversed as between him and Posey and Blumberg, and does not ask for a rendition in his favor in this court, and as the case does not seem to have been fully developed as between plaintiff in error and defendants in error Blumberg and Posey, we have concluded to remand the cause as between them so far as the personal judgment is concerned in favor of Blumberg and Posey as against T. E. George.

That part of the judgment granting a recovery against T. E. George personally in favor of Blumberg and Posey is reversed, and the cause remanded; but, as to the foreclosure of the vendor's lien and the other parties defendant in the court below, the judgment is affirmed.

Reversed and remanded in part, and affirmed in other respects.